434 F.2d 403
 HIMALAYAN INDUSTRIES & Richard G. Mack, Plaintiffs-Appellants,
v.
GIBSON MANUFACTURING CO. & Colin C. Gibson, Defendants-Appellees.
HIMALAYAN INDUSTRIES & Richard G. Mack, Plaintiffs-Cross-Appellees,
v.
GIBSON MANUFACTURING CO. & Colin C. Gibson, Plaintiffs-Cross-Appellants.
 No. 23295.
 No. 23301.
 United States Court of Appeals, Ninth Circuit.
 November 9, 1970.
 
 Henry Gifford Hardy (argued), San Francisco, Cal., for appellants.
 Bruce W. Schwab (argued), Boyken, Mohler, Foster & Regan, San Francisco, Cal., for appellees.
 Before MERRILL and DUNIWAY, Circuit Judges, and POWELL, District Judge*.
 DUNIWAY, Circuit Judge:
 
 
 1
 Himalayan Industries, et al., plaintiffs, appeal from a judgment ordering that the plaintiffs pay attorneys' fees to defendants Gibson Manufacturing Co., et al. The judgment was entered after the court had ordered the action dismissed for want of prosecution. Defendants cross appeal. We affirm.
 
 
 2
 The action, in which plaintiffs charged defendants with patent and trademark infringement and unfair competition, was filed on March 11, 1963. Defendants answered and counter-claimed, asserting invalidity of the patent. On May 16, 1963, plaintiffs answered the counterclaim. Nothing else happened for almost three years. On March 28, 1966, the court called the case on its dismissal calendar. After a hearing, it dismissed the action on June 9, 1966, for want of prosecution.
 
 
 3
 Plaintiffs moved to set the order of dismissal aside. The motion was granted on July 26, 1966, subject to the condition that plaintiffs agree to pay to appellees "such attorneys' fees as the Court may adjudge to be reasonable in the event, and only in the event, that defendants receive final judgment in their favor of each and every cause of action alleged in the Complaint by plaintiffs." Defendants did not reject the condition or appeal; instead, on August 18, 1966, they agreed to the condition and the action was thus reinstated. There followed service of interrogatories and answers to interrogatories by both parties, terminating January 19, 1967. Once again nothing more happened, the period of dormancy this time being until April 30, 1968, when defendants filed separate motions for dismissal for want of prosecution, and for attorneys' fees and expenses. A hearing was held on May 20. At the hearing, plaintiffs stipulated to the dismissal of the action with prejudice, pursuant to Rule 41(b), F.R.Civ.P. The court ordered the motion granted, and continued the hearing on the motion for attorneys' fees to May 27. On May 22, the court entered an order reciting the stipulation and dismissing the action with prejudice.
 
 
 4
 Various memoranda and affidavits relating to the motion for attorneys' fees were filed, a further hearing was had on May 27, and on June 28 the court filed a memorandum of decision in which it announced an award of attorneys' fees to the defendants in the sum of $4,500. On July 3, a judgment was filed in favor of defendants and against plaintiffs for $4,500. On July 29, plaintiffs filed a nounced an award of attorneys' fees to ment entered in this action on the 3rd day of July, 1968."
 
 
 5
 Plaintiffs attempt to attack the order of dismissal of June 9, 1966 and the conditional order setting aside the dismissal of July 26, 1966. This they cannot now do. The June 9, 1966 order was appealable, Ruff v. Gay, 5 Cir., 1933, 67 F.2d 684, aff'd 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, but no appeal was taken from it. Nor was an appeal taken from the conditional order of July 26, 1966. We have no doubt of the power of the court to impose reasonable conditions in an order setting aside a dismissal for want of prosecution. See Choy v. Butler's, Inc., 9 Cir., 1962, 304 F.2d 524; cf. Davis v. McLaughlin, 9 Cir., 1964, 326 F.2d 881, 883-884. Plaintiffs could have declined to agree to the condition, in which case the action would have been again dismissed, and they could have appealed. If they thought that the condition imposed was an abuse of discretion, they thus had their remedy. But they elected to agree to the condition. It is now too late for them to cry foul.
 
 
 6
 Nor can plaintiffs attack the May 22, 1968 order of dismissal. They stipulated to it; they did not appeal from it.
 
 
 7
 In attacking the judgment from which they did appeal, plaintiffs argue that the court acted pursuant to 35 U.S. C. § 285, which provides for attorneys' fees in patent litigation "in exceptional cases," and that this is not such a case. We think it clear, however, that the court was not even purporting to act under that statute. It was simply making an award pursuant to a condition to which plaintiffs had agreed.
 
 
 8
 Plaintiffs argue that the dismissal is not a "final judgment in [defendants'] favor on each and every cause of action alleged in the Complaint by plaintiffs." Rule 41(b), F.R.Civ.P. provides that "dismissal under this subdivision * * * operates as an adjudication upon the merits." Nothing in the agreement indicates that its language was limited to a judgment after trial.
 
 
 9
 Plaintiffs' claim that the judgment is excessive is without merit. The agreement provides for "such attorneys' fees as the Court may adjudge to be reasonable." There was evidence that would support a larger award. The matter was placed within the court's discretion; that discretion was certainly not abused.
 
 
 10
 Defendants' cross appeal has even less merit. They assert that the court should have awarded them the full amount that they demanded. But the agreement was not to pay such attorneys' fees as defendants might demand, or such attorneys' fees as they might have contracted to pay; it was to pay what "the court may adjudge to be reasonable." That is what the judgment awards.
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Honorable Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation