394 So.2d 441 (1981)
Teresamma PINAKATT, Appellant,
v.
MERCY HOSPITAL, INC., Sister Mary Immaculate Moraglia, Jessie Birdseye, R.N., and Michael Schuster, Appellees.
No. 79-2435.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Rehearing Denied March 13, 1981.
*442 Kurzban & Kurzban and Steven M. Weinger, Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
This appeal is from an order dismissing appellant's complaint for failure to comply with discovery orders.
Appellant Teresamma Pinakatt, the plaintiff below, was employed as an EKG technician by Mercy Hospital until she was fired for unsatisfactory performance. After her discharge, appellant sued in four counts alleging that appellees[1] individually and as a group sought to deprive appellant of her livelihood in the medical field. The trial court subsequently dismissed three of the four counts without leave to amend for failure to state a cause of action.
Litigation continued as to the remaining count which alleged common law conspiracy. In the meantime, appellant obtained a position in the medical field with a new employer. Despite discovery requests from the appellees, appellant refused to divulge the name of her new employer and the name of a former employer. The basis for appellant's refusal was her apprehension that appellees would attempt to deprive her of her present job.
The trial court entered an order on motion to compel the appellant to disclose this information. She again refused, declining an extension of time in which to reveal her employers. As a result, the trial court entered an order striking the remaining count of appellant's complaint and dismissing the action with prejudice. It is from this order of dismissal that appeal is taken. We find no reversible error.
The Florida Rules of Civil Procedure provide sanctions which may be taken when a party fails to make discovery. Rule 1.380(b)(2)(C) states, inter alia, that:
(b) Failure to Comply With Order
* * * * * *
(2) If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make any of the following orders:
* * * * * *
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party; (e.s.)
*443 A decision to impose sanctions, and the severity thereof, are matters within the sound discretion of the trial court. W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla.3d DCA 1978). The trial court's ruling should not be overturned unless there is an apparent abuse of this discretion. Eastern Airlines, Inc. v. Dixon, 310 So.2d 336 (Fla.3d DCA 1975).
Clearly then, a trial court is vested with the authority to dismiss a complaint as a sanction against a plaintiff for failure to make discovery:
When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect. (citations omitted)
Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 297, 34 So.2d 564, 565 (1948). Furthermore, the dismissal may be with prejudice where a plaintiff willfully refuses to obey an order of the court. Rashard v. Cappiali, 171 So.2d 581 (Fla.3d DCA 1965).
Upon consideration of the record, briefs, argument of counsel, and the authorities cited above, we are unable to say that the trial judge abused his discretion in dismissing appellant's suit.
Appellant voluntarily solicited the court's jurisdiction. In order to defend themselves against the charges raised, the appellees justifiably sought the identity of appellant's past and present employers, a matter well within the scope of discovery as defined by Rule 1.280(b), and relevant to the issue of whether appellees conspired to prevent appellant's employment in the medical field. The trial judge's imposed sanction of dismissal with prejudice is amply justified, based on appellant's willful refusal to comply with the court's order.
We have carefully examined appellant's remaining points on appeal and find them to be without merit. Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] In addition to Mercy Hospital, the appellees include Michael Schuster, a hospital employee who discharged appellant; and Sister Mary Immaculate Moraglia and Jessie Birdseye, also hospital employees.