684 P.2d 978

Jack Dempsey DEVAULT,
Plaintiff-Appellant,

v.

STEVEN L. HERNDON, A PROFES-
SIONAL ASSOCIATION, and Steven L.
Herndon, individually, Defendant-Re-
spondent,

and

Glenn Bandelin and Lucinda
Weiss, Defendants.

No. 14288.

Supreme Court of Idaho.

May 31, 1984.

David A. Manko, Coeur d'Alene, for plaintiff-appellant.

William A. McCurdy, of Quane, Smith, Howard & Hull, Boise, Idaho, for defendant-respondent.

BAKES, Justice.

Appellant appeals from the trial court's dismissal of his legal malpractice action, with prejudice, for the failure of appellant to comply with previously issued discovery orders. We affirm.

Appellant brought this action to recover for the alleged malpractice of Stephen Herndon in his prosecution of another case against a third party.[1] The complaint in this action was filed January 10, 1978. The case was finally set for trial beginning April 13, 1981.

On January 5, 1981, Herndon filed a request for production of the documents used as exhibits in the prior trial against the third party. When the documents were not produced, Herndon, on February 26, 1981, filed a motion to compel production of documents and a motion *in limine*, seeking an order of the court to force appellant to produce the documents previously requested, and provide information about proposed

1. Counsel on appeal in this case was not counsel for appellant in the trial court.

expert testimony, or be penalized by exclusion of such documents and expert testimony at trial. *See* I.R.C.P. 37(a). After a court hearing on March 6, 1981, an order was filed by the trial court compelling production of the documents and disclosure of plaintiff's expert testimony. The order set a deadline for compliance of March 13, 1981.

Devault failed to comply with the above order, and on March 20, 1981, Herndon filed a renewed motion *in limine* to exclude the evidence covered by these motions. At a hearing April 2, the trial court again ordered Devault to provide the requested documents and information on or before April 30, 1981. In that same order the trial court also commanded that Devault respond in writing to Herndon's settlement offer before April 8, 1981. The trial setting of April 13, 1981, had to be vacated. Devault again never complied with the order.

■ On June 10, 1981, Herndon moved to dismiss the action as a sanction for Devault's failure to comply with any of the previously outlined orders. After a hearing, the trial court granted that dismissal. Appellant Devault appeals from the dismissal.

I.R.C.P. 37(b) outlines the sanctions available to the trial court when a party fails to comply with discovery orders.

**"Rule 37(b). Failure to comply with discovery order—Sanctions.—** ...

"(2) Sanctions by court in which action is pending. If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party;

. . . ." (Emphasis added.)

This rule gives the trial court discretion to impose any of several different sanctions, including dismissal of the action. Such a dismissal by the trial court will not be overturned absent a showing of abuse of the trial court's discretion. *See Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047 (9th Cir.1971), *cert. den.* 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972); *Pinakatt v. Mercy Hospital, Inc.,* 394 So.2d 441 (Fla.App.1981); *Spencer v. McLaughlin,* 256 So.2d 385 (Fla.App. 1972); *Lerman v. Portland,* 406 A.2d 903 (Me.1979), *cert. den.* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790. *See also* Annot., Dismissal of Action for Failure or Refusal of Plaintiff to Obey Court Order, 4 A.L. R.2d 348 (1949), and later case service. For federal cases dealing with this same issue under Federal Rule of Civil Procedure 37(b), *see* 4A Moore's Federal Practice, § 37.03[2].

The United States Supreme Court, in interpreting the identical federal rule, has held that the sanctions under the rule were intended to punish misconduct and deter others involved in litigation to prevent abuse in connection with discovery, and that a determination of whether a party's actions were of sufficient bad faith to justify dismissal is within the discretion of the trial court. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

■ Appellant argues that any failure to comply with orders of the court was the fault of his attorney; thus, he should not be penalized by dismissal of his action. However, litigants freely choose their attorneys and cannot avoid the consequences of the attorney's actions. *See Link v. Wabash RR Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As recently stated by the 9th Circuit in *Chism v. National Heritage Life Ins. Co.,* 637 F.2d 1328 (9th Cir. 1981):

"In upholding the district court's dismissal of this action, we recognize that the result may well penalize Appellant more

directly than his counsel. However, that is the consequence of the rule allowing dismissals. In recognizing the relative hardship upon Appellant as distinguished from counsel, it must be kept in mind that district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level." *Id.* at 1332.

█ In this case, the trial court was faced with a repeated refusal to comply with specific, direct orders of the court instructing plaintiff to produce certain documents and information, which repeated refusal resulted in the trial having to be delayed at least once, and which would have required a second delay had the motion not been granted. There was no showing of the inability of the plaintiff to comply with these orders.[2] The granting of the motion to dismiss did not constitute an abuse of discretion.

Judgment of the lower court affirmed. Costs to respondent.

DONALDSON, C.J., and McFADDEN, J., pro tem., concur.

HUNTLEY, Justice, dissenting.

If I were to decide this case solely on the facts set forth in the majority opinion, I would no doubt concur with the majority, but when the applicable standard of review is superimposed on the complete factual background, the extreme sanction of dismissal was not only unwarranted but is a gross miscarriage of justice.

There are many cases holding that dismissal is an extreme sanction which should not be employed without:

(1) some showing of bad faith on the client's part as distinct from the attorney's conduct; and

(2) other less severe sanctions having first been imposed.

The best statement of the underlying rationale of this line of cases is found in *Jackson v. Washington Monthly Co.,* 569 F.2d 119, 123 (D.C.Cir.1977):

We are constrained to conclude this appeal on a note of caution. Trial court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions. And while appellate review is limited by the binding authority of *Link* to whether judicial discretion has been abused, a sound discretion hardly comprehends a pointless exaction of retribution. Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anamalous and self-defeating. *When the client has not personally misbehaved and his opponent in the litigation has not been harmed,* the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. *Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.* (Emphasis added).

Generally speaking, under the principles which appellant urges on this Court, the reviewing Court first reviews the case with an eye toward finding other lesser sanctions which could be imposed on the errant party. *Flaska v. Little River Marine Construction Co.,* 389 F.2d 885 (5th Cir.) *cert.*

2. In fact, at the hearing where dismissal was finally granted, the plaintiff's counsel finally offered to allow the defendant's counsel to come to his office to view the documents, but still offered no explanation as to why this offer had not been made before, or why the documents had not been previously produced.

*den.* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *Asociacion de Empleados del Instituto de Cultura Puertorriquena v. Rodriguez Morales,* 538 F.2d 915 (1st Cir. 1976); *Industrial Building Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336 (9th Cir.1970); *Himalayan Industries v. Gibson Manufacturing Co.,* 434 F.2d 403 (9th Cir. 1970).

Should the result of the review show that lesser sanctions were available, and the court is left with the impression that these lesser sanctions would have sufficiently punished the errant party, then the court should overturn the imposition of the harsher sanctions.

Now, we consider the additional, and perhaps controlling, facts.

Mr. Devault was first represented at the time the action was filed by attorney Thomas Smith of Spokane, with Everett Hofmeister being resident counsel. During the time in question, Mr. Smith developed a conflict of interest and had filed a motion to withdraw as attorney, which motion was actually heard and granted on the day of the hearing on motion for imposition of sanctions. Defense counsel did not object to Smith's withdrawal because he understood Hofmeister would assume the position as lead counsel.

However, Mr. Hofmeister was not in a position to become lead counsel and directed Devault to seek another attorney, which he was in the process of doing. Devault had been consulting with a third attorney as of the date of the hearing of the motion for sanctions.

Mr. Hofmeister had two reasons for not attending to this case. First, he was in a two week jury trial immediately prior to the hearing on this motion, and one would presume that preparation for that jury trial took some time and attention for several weeks before the trial commenced; and second Mr. Hofmeister announced his intention to withdraw from the case for reasons of health. Accordingly, there was no active chief counsel for several months immediately preceding the hearing.

In oral argument counsel for Herndon suggested two alternative sanctions: (1) the $500 costs for the motion being heard that day and (2) the imposition of costs both for that day and the previous hearings on enforcement of discovery.

On the morning of the hearing Mr. Hofmeister made the following representations in open court, offering to allow counsel to either copy the documents or take them back to Boise with him for copying:

MR. HOFMEISTER: Your Honor, the documents are quite voluminous. I gave counsel a letter stating generally what they are, and I assure the Court that if Mr. McCurdy wishes to view the documents and copy them today, they're available to him. They're at my office at the present time. But there are quite a number of documents, Your Honor. With regard to the expert witness, Your Honor, in response to Mr. McCurdy, Mr. Devault has been talking with another attorney, and I was not sure of what his response would be until yesterday. I might add that I've been in a jury trial until Tuesday, Your Honor, and—which was a handicap for me. But Mr. Devault has been talking to other counsel, and I don't know whether they're going to substitute for me or not. I have not received a definite response at this time. With regard to the legal expert witness, Your Honor, at the present time we do not have one. I would ask that the motion to dismiss with prejudice be denied. Mr. McCurdy can look at the documents today, and if he wants to copy them, he may do so. As long as they're in his possession or mine, I have no objection to that. He could take them back to Boise with him if he so desires.

Mr. Hofmeister later stated:

MR. HOFMEISTER: Your Honor, may I point out one thing to the Court. I was not originally chief counsel in this matter, Mr. Smith was. I was going to be resident counsel only. A list of the documents has been furnished I believe to

Mr. McCurdy. The documents themselves, as I say, are quite voluminous, and it's easier to view the documents than it is to copy them because there are a tremendous number of documents, many small items, Your Honor.

Finally, the fact should be considered that the defendant is himself a member of the Bar and there is no showing that his case has been prejudiced by the delay. In my twenty-three years of trial experience I have never seen the ultimate sanction of dismissal imposed. It would appear to be particularly improper where it is a member of the Bar being protected by that sanction, especially where the Court has made no attempt to apply lesser sanctions and there is no showing that the client was guilty of any bad faith.

The trial judge was undoubtedly influenced by his feeling that there is a weak case against Mr. Herndon, the court stating:

"As counsel knows, and as probably Mr. Devault knows now, I set forth in an opinion last year on a Motion for Summary Judgment that I viewed this case to be quite a weak one against Mr. Herndon, and, because of the requirements of ruling on a Motion for Summary Judgment, and because I felt I should give every opportunity to Mr. Devault to be able to present his case, weak as I thought it was, I denied the Motion for Summary Judgment and permitted this thing to go forward to this point."

If the case were weak, certainly upon completion of discovery the motion for summary judgment could be renewed. If summary judgment would not be granted, then the parties would be entitled to their day in court.

In short, we see here a gross abuse of the sanction provisions of Rule 37, with a total lack of consideration or use of the lesser sanctions provided by that rule, which circumstance requires a reversal under the authority of the cases cited at the opening of this opinion.

BISTLINE, J., concurs.

BISTLINE, Justice, dissenting.

The result obtained here by the majority is as abhorrent to my sense of justice as the result obtained by the majority in *Sherwood & Roberts v. Riplinger*, 103 Idaho 535, 650 P.2d 677 (1982). The majority opinion in that case precipitated separate dissenting opinions by Justice McFadden and myself. That case, too, involved this Court's review of a gross misapplication of one of this Court's many highly technical rules—reminiscent of the niceties and pitfalls of common law pleading. The majority opinion in that case, as in this case authored by Justice Bakes, notwithstanding a documented record to the contrary, observed that "the defendant failed to file a written notice of appearance or the appointment of new counsel within the prescribed time limit. "This failure to comply with I.R.C.P. 11(b)(3) [1] justifies a presumption that he "abandoned his defense." Justice McFadden, in his opinion, pointed out that "Riplinger had amply shown his intention to defend the action brought against him, but was prosecuting a substantial counterclaim." 103 Idaho at 547, 650 P.2d at 689. Nevertheless, the undaunted majority ruled on the motion to set aside the default which had been entered, that:

"The right to grant or deny relief under I.R.C.P. 60(b) is a discretionary one. Thus, absent a showing of arbitrary disregard for the relevant facts and principles of law by the court below, this Court will affirm the lower court's decision to deny or grant relief under I.R.C.P. 60(b). *Johnston v. Pascoe*, 100 Idaho 414, 419, 599 P.2d 985, 990 (1979); *Lisher v. Krasselt*, 96 Idaho 854, 857, 538 P.2d 783, 786

---

1. When Idaho became blessed with the "Federal Rules" of Civil Procedure in November of 1958, there was not, and apparently to this day is not, a comparable federal rule. At that time the rule, 11(b), read: "In the event an attorney ceases to act or a substitute attorney appears, or a party heretofore represented by attorney appears without attorney, written notice must be given thereof as provided by Rule 5." But, compare that to Rule 11(b) today.

(1975). We see no such arbitrary disregard in the present case, and therefore affirm the order denying relief."

103 Idaho at 541, 650 P.2d at 683.

As I wrote in the *Riplinger* case:

"In days gone by, the default judgment involved in this case would have been set aside out-of-hand:

. . . .

" ' "The object of statutes and rules regulating procedure in the courts is to promote the administration of justice. . . . [P]rocedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice." ' "

(Quoting from *Bunn v. Bunn,* 99 Idaho 710, 711, 587 P.2d 1245, 1246 (1978)) (The underlined words were not original with me, but the language of justice C.J. Taylor,. with Justices Givens, Porter, and Keeton concurring.)

My complaint today is as it was in the *Riplinger* case. The trial bench and bar well appreciate that a district court faced with passing on an ever-increasing multitude of motions is not going to make the correct ruling in every instance. The time is short, and there are other cases. But, this Court sits to review those rulings which are alleged to be in error, and this Court has no excuse for being both wrong and inconsistent.

There is nothing to be gained by repeating that which I wrote at length in *Riplinger.* It is readily available. The considerable authorities cited there stand monumentally for the proposition that there is error where the absolute sanction goes far beyond what is necessary to further the lawsuit.