810 P.2d 1120

**Albert E. BLASER, Plaintiff–Appellant,**

v.

**J. Patrick RICECI, conservator of the estate of Rozella Nottingham, and all other persons unknown claiming any right, title, estate, lien or interest in the Plaintiff's complaint, adverse to Plaintiff's ownership or any cloud upon the Plaintiff's title thereto, Defendants–Respondents.**

No. 18294.

Supreme Court of Idaho,
Boise, January 1991 Term.

May 9, 1991.

Donald A. Lassaw, Boise, for plaintiff-appellant.

Roden, Arkoosh & Riceci, Boise, for defendants-respondents. Thomas C. Arkoosh argued.

McDEVITT, Justice.

The present litigation originated in transfers of property to the plaintiff by Mrs. Rozella Nottingham. The plaintiff, Albert E. Blaser, was a neighbor and good friend to Mrs. Nottingham and also to her late husband. Mrs. Nottingham was 91 years old when her niece, the closest living relative, filed a petition to appoint a conservator over the estate and a guardian for Mrs. Nottingham. After the petition was filed, Mrs. Nottingham conveyed all her property, both personal and real, to Mr. Blaser.

At the conservatorship hearing, Blaser testified under oath that he claimed no interest in the property of Mrs. Nottingham, but that he was only holding it for her "in trust" for safekeeping. The defendant, J. Patrick Riceci, was appointed by the court as conservator and Mr. Blaser, pursuant to an agreement of the parties to the action, was ordered to transfer all property that he had received from Mrs. Nottingham back to her. Later, as a result of an objection to the order by Mr. Blaser, the magistrate determined that the court lacked jurisdiction over Mr. Blaser and vacated the previous order. Subsequent to this decision, on June 20, 1986, Mr. Blaser filed a complaint to quiet title to the subject realty. The complaint stated that the land in question was conveyed to Blaser by Rozella Nottingham and that Blaser had an ownership interest in the property. Plaintiff alleged that the court order requiring him to reconvey the properties back to Mrs.

Nottingham was void because he was not a party to the conservatorship proceedings.

On July 14, 1986, the conservator who had been appointed for Mrs. Nottingham, J. Patrick Riceci, answered the complaint and asserted that in the proceedings to appoint the conservator Blaser had testified that he never claimed ownership in the subject property nor had he paid any consideration for the property.

On March 30, 1987, the district court ordered the consolidation of Blaser's complaint to quiet title with the pending conservatorship proceedings. Plaintiff's complaint was then sent to the magistrate division.

On May 12, 1987, the conservator amended the answer to include a counterclaim for conversion of cash, personal and real property, and sought punitive damages. The conservator alleged that Blaser defrauded Mrs. Nottingham.

On June 1, 1987, the conservator filed a motion for summary judgment against Blaser. This motion was continued on June 26, 1987, to allow for further discovery. Interrogatories and requests for production were served upon Blaser. On July 16, 1987, Blaser obtained an ex parte order to extend the time to answer the interrogatories. The extended deadlines to file answers were August 1 for Mr. Blaser and August 10 for Mrs. Blaser. The next day, Blaser filed an answer to the amended counterclaim.

Before the time to answer had expired, on July 29, 1987, the conservator filed a motion to compel discovery. The hearing on the motion to compel was heard August 7, 1987. Blaser was ordered to answer discovery by 5:00 p.m. on August 10, and was further sanctioned $150.00 in attorney fees. Blaser did file partial and incomplete answers to the interrogatories on August 10, 1987. The conservator moved to dismiss plaintiff's complaint for failure to comply with discovery and a hearing was set for August 21.

At the hearing on August 21, 1987, the magistrate denied Blaser's motion for a continuance due to unavailability of counsel. The magistrate then granted the motion to dismiss Blaser's complaint and answer to the amended counterclaim pursuant to I.R.C.P. 37(b). Subsequently, the magistrate entered a default judgment on the conservator's counterclaim against Blaser in the amount of $57,366.96. This amount represents $40,766.91 for personal property of Mrs. Nottingham converted by Blaser and for attorney fees incurred in resisting his allegations, $10,000.00 in punitive damages, and $6,600.05 in interest.

Blaser appealed the August 21, 1987, decision to the district court. The district court remanded to the magistrate to file detailed findings of fact and conclusions of law in accordance with the ruling of *Southern Idaho Prod. Credit Ass'n v. Astorquia*, 113 Idaho 526, 746 P.2d 985 (1987).

On remand, the magistrate entered findings of fact and conclusions of law. Blaser again appealed to the district court. The district court upheld the judgment against Blaser, stating that he had been given sufficient time to answer discovery, but failed due to his own conduct. The district court upheld the dismissal of Blaser's complaint, determining that the magistrate, by considering Blaser's testimony in the conservatorship proceedings, had turned the proceedings into a motion for summary judgment. Blaser now appeals to this Court.

The issue we confront in this appeal is whether the magistrate abused her discretion in dismissing plaintiff's complaint for failure to comply with discovery.

The imposition of sanctions pursuant to I.R.C.P. 37(b) is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Ashby v. Western Council, Lumber Prod.*, 117 Idaho 684, 791 P.2d 434 (1990); *Southern Idaho Prod. Credit Ass'n v. Astorquia*, 113 Idaho 526, 746 P.2d 985 (1987); *Devault v. Steven L. Herndon*, 107 Idaho 1, 684 P.2d 978 (1984). In *Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987), we held that dismissals with prejudice are appropriate where there is a clear showing of delay and the ineffectiveness of lesser sanctions bolstered by the presence of at least one aggravating

factor such as: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant.

In dismissing the complaint and dismissing the answer to the counterclaim, the magistrate made the following findings of fact:

1. On June 20, 1986, the Plaintiff (Blaser) filed a Complaint against the Conservator of Rozella Nottingham, Patrick Riceci, seeking to quiet title to real property and personal property of Rozella Nottingham (Nottingham) which Blaser stated Nottingham conveyed to Blaser "for purposes of protecting it from the niece, Dorothy Lawson, and the nephew, Robert Banbury."

\* \* \* \* \* \*

9. On August 10, 1987, Al Blaser filed with this Court a document entitled, "Answer to Defendant/Counterclaimant's First Set of Interrogatories to Plaintiff/Counterdefendant Albert E. Blaser." This document was not mailed to Nottingham's counsel until August 12, 1987. Although ten of the twenty-nine answers referred to documents as answers, no documents were filed or delivered with the above Answers to Interrogatories or the Request for Production of Documents.

10. As a consequence of Blaser's failure to adequately comply with this Court's discovery order by August 10, 1987, on August 14, 1987, Nottingham moved to dismiss Blaser's Complaint and have the court strike his Reply to Counterclaim from the record. The Nottingham Motion to Dismiss was set for hearing for August 21, 1987. On August 21, 1987, Albert Blaser filed his Response to the Request for Production of Documents. Although Al Blaser was in court on the 21st day of August, 1987, thirteen of the twenty-two requests were answered with "Will be provided as soon as possible." No explanation was presented why the discovery requests were not forthcoming.

11. Following the August 21, 1987, hearing, this Court entered its Order on September 9, 1987, dismissing Blaser's Complaint and striking his Reply to the Counterclaim. An order of Dismissal was entered because Blaser failed to provide discovery and an award of fees against Blaser to encourage Blaser to provide the requested discovery did not work.

12. On September 25, 1987, Blaser asked this Court for reconsideration of its Order Dismissing the Complaint and Striking the Reply to Counterclaim.

13. On November 5, 1987, the request for [re]consideration was denied because documents requested continued to not be produced, and no reason was offered for failure to respond to the discovery.

14. No discovery response shows any consideration paid by the Blasers for the Nottingham Property. The Blasers acknowledge that the property was placed in their name for safekeeping for Rozella Nottingham.

■ To sustain the imposition of sanctions, the trial court must make specific findings to support the award. *Southern Idaho Prod. Credit Ass'n v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987). It is evident from the magistrate's findings that there is a clear pattern of delay on the part of the plaintiff. The magistrate had previously sanctioned the plaintiff by awarding attorneys fees against him to encourage compliance with discovery, all to no avail. Further, the delay was caused by the plaintiff's intentional and deliberate failure to produce the answers and documents requested. No adequate excuse was ever given to the magistrate court, the district court, or this Court explaining the reason for the delay. Therefore, we affirm the dismissal of the plaintiff's complaint and the striking of his response to the counterclaim.

■ Once the complaint and counterclaim were stricken, the magistrate entered a default judgment on the conservator's counterclaim. In order to provide the appellate court a clear understanding of the basis of the trial court's decision, the trial judge is to enter findings of fact and conclusions of law to support its determina-

tion. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982); I.R.C.P. 52(a). The magistrate's findings support the award of general damages and interest. The findings, though, are insufficient to support an award of punitive damages. An award of punitive damages will be upheld on appeal only when it is shown that the defendant's conduct is an extreme deviation from reasonable standards. *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 665 P.2d 661 (1983). The magistrate's findings fail to make this specific showing to justify the award. Therefore, we vacate the award of punitive damages.

We affirm the dismissal of plaintiff's complaint and the striking of his response to the counterclaim. Further, we affirm the award of general damages. We hold that the magistrate's findings are insufficient to uphold the award of punitive damages, therefore we vacate the award of punitive damages.

No costs awarded on appeal.

BOYLE, J., GOFF and WESTON, JJ. Pro Tem, concur.

BISTLINE, Justice, concurring in part and dissenting in part.

I would affirm the trial court's decision in all respects. A majority of the Court votes to vacate the trial court's award of punitive damages, even though the record supports such an award, and demonstrates that the trial court was keenly aware of the reasons for awarding exemplary damages. It simply is not judicially possible to consider Blaser's conduct as anything but a substantial deviation from reasonable standards of human beings in their dealings with one another:

> The final question is whether there are sufficient allegations for the awarding of punitive damages against Albert and Kathleen Blaser as a result of their actions with the property of Rozella Nottingham. Albert Blaser's actions following the hearings in December 1985, at which time he stated under oath in court that he had taken the properties from Rozella Nottingham for safekeeping and that he would return them to her at her request, have not been exemplary. Until the $20,535.99 was delivered to this Court on October 1, 1987, none of the cash monies Rozella Nottingham placed in the safekeeping of Albert Blaser had been accounted for nor returned to the Estate of Rozella Nottingham. The length and extent of litigation resulting in this case to return real and personal properties to the Estate of Rozella Nottingham have been unnecessary and unwarranted. Albert Blaser has never shown any interest in the property and as he testified in court, he was keeping it safe for Rozella Nottingham, he had no ownership interest. The conduct of Albert Blaser is not to be condoned and is to be punished. An additional award of $10,000 punitive damages shall be awarded against Albert Blaser.

R. 348–49.

On reading the same record which was before Justice McDevitt in writing for and garnering a majority, and reading and digesting the above passage written by the trial court, at least this one member of the Court is disturbed at that portion of the majority opinion which vacates the award of punitive damages. Being candid, perhaps to a fault, my examination of the majority opinion brings forth this wholly conclusory rationale offered supposedly in support of the majority's holding: "The findings though, are insufficient to support an award of punitive damages." It is *that* statement which is insufficient in constituting a basis for reversing the trial court.