# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 48419

| | | |
|---|---|---|
| TALEETHA FUENTES, | ) | |
| | ) | |
|    Claimant-Appellant, | ) | |
| | ) | Boise, August 2021 Term |
| v. | ) | |
| | ) | Opinion Filed: January 5, 2022 |
| CAVCO INDUSTRIES, INC., Employer; | ) | |
| SENTRY CASUALTY COMPANY, Surety, | ) | Melanie Gagnepain, Clerk |
| | ) | |
|    Defendants-Respondents. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>reversed.</u> The order of the Industrial Commission is <u>vacated and remanded</u>.

Goicoechea Law Offices, Chtd., Boise, for appellant Taleetha Fuentes. Justin Aylsworth argued.

Bowen & Bailey, LLP, Boise, for respondents Cavco Industries, Inc., and Sentry Casualty Company. Michael G. McPeek argued.

———————————

STEGNER, Justice.

This is an appeal from a decision of the Idaho Industrial Commission (Commission) dismissing a worker's compensation complaint filed by Taleetha Fuentes (Fuentes) against her employer Cavco Industries and Cavco's surety, Sentry Casualty Company (collectively the Defendants). Fuentes filed her complaint in July 2019, and the Defendants denied the claim. During discovery, the Defendants filed a motion to compel in October 2019, which was granted. Following no response from Fuentes, the Defendants filed a motion for sanctions, and Fuentes again did not respond. On December 19, 2019, the full Commission issued an Order Dismissing Complaint, citing Industrial Commission Judicial Rule of Procedure (JRP) 12(B). Five months later, in May 2020, Fuentes responded to the initial discovery requests and moved to retain the case on the active calendar, but her filing and motion were returned "unfiled" as explained in an email from the assigned Referee. Fuentes also moved for reconsideration of the dismissal and filed

1

a petition to vacate the order of dismissal under JRP 15. The Commission denied both motions. Fuentes timely appealed. For the reasons discussed, we reverse the Commission's decision to dismiss Fuentes' case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2019, Fuentes filed a worker's compensation claim against the Defendants, alleging injury to her hands that required surgery. The Defendants answered the complaint on July 29, 2019, denying liability and serving Fuentes with interrogatories and requesting production of documents.

When Fuentes did not respond to the Defendants' discovery request within thirty-six days, the Defendants' counsel sent a "reminder letter" to Fuentes' counsel. The letter granted Fuentes an additional ten days to respond and stated a Motion to Compel may be filed if Fuentes still did not respond by September 13, 2019.

On September 10, three days before the new discovery deadline, Fuentes' counsel contacted the Defendants' counsel and requested another extension, this time through September 30. The Defendants agreed to the extension; however, Fuentes did not respond to the interrogatories or requests for production of documents by the new deadline. The Defendants then filed a motion to compel with the Commission on October 7, 2019. Fuentes did not respond to the motion to compel. On October 29, 2019, Referee Hummel granted the motion, ordering Fuentes to respond to the discovery requests within fifteen days and warning that "[f]ailure to comply with this Order may result in sanctions being imposed."

Fuentes still did not respond to the Defendants' discovery requests. Citing no legal authority, the Defendants filed a motion for sanctions on November 14, 2019, "mov[ing] the Commission for sanctions to include dismissal against [Fuentes] for failure to comply with" the order compelling discovery.

Again, Fuentes did not respond.

On December 19, 2019, the full three-member Commission ordered Fuentes' claim dismissed without prejudice under Rule 12(B) of the JRP. The Commission's decision reads as follows:

> On October 7, 2019, Defendants filed a Motion to Compel Answers to Interrogatories and Requests for Production of Documents to Claimant. On October 29, 2019, the Commission issued its Order Compelling Discovery, wherein

> Claimant was ordered to answer discovery on or before November 13, 2019. Claimant has not responded to the Order Compelling Discovery.
>
> On November 14, 2019, Defendants filed a Motion for Sanctions. No party responded to the motion. No good cause has been presented to retain the case.
>
> Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED, without prejudice, under Rule 12(B) of the Judicial Rules of Practice and Procedure established by the Industrial Commission. The Complaint may be refiled with the Commission, unless precluded by the statutory time limitations provided within Idaho Code, Title 72.

Fuentes did not respond to this order.

Almost five months later, on May 15, 2020, Fuentes filed a Notice of Service of responses to the initial discovery requests. On the same day, Fuentes filed a motion to retain her case on the active calendar, arguing that her case was being actively prosecuted and there were ancillary factors involved to explain the delay and the need to continue the case. The Defendants responded the same day, moving to dismiss Fuentes' motion on the basis that there was no active complaint, which meant there was no case to retain. The Defendants also argued that the statute of limitations would be raised as an affirmative defense if a new complaint were to be filed.

Fuentes filed a motion for reconsideration of the Commission's dismissal on May 19, 2020, reiterating the same argument contained in the motion to retain her case.

On May 19, 2020, Referee Hummel sent an email to counsel for Fuentes, with a copy also sent to counsel for the Defendants:

> We received your e-filing of May 15, 2020[,] with your Notice of Service and Motion to Retain for this Claimant but are returning it to you unfiled as this case was closed by Dismissal on December 19, 2019. If you wish to reopen this case, you can file a new complaint or request a reconsideration of the dismissal by filing the appropriate documents.

On June 23, 2020, Fuentes filed a "JRP 15 Petition to Vacate" the December 19, 2019, Order Dismissing Complaint, accompanying her petition with a memorandum arguing she was entitled to declaratory relief under JRP 15. Fuentes first argued that the Defendants' operative motions were not a basis for dismissal under the Idaho Worker's Compensation Act. Fuentes also contended that the Commission acted in excess of its statutory authority because the dismissal was, in effect, with prejudice due to the lapsing of the statute of limitations, and that the dismissal violated every aspect of JRP 12(B). Fuentes further argued that non-prosecution could not be the basis for dismissal without the procedural protections of JRP 12(B). According to Fuentes, the

3

order of dismissal violated the humane purposes of the Worker's Compensation Act and denied Fuentes her due process rights to notice and opportunity to be heard.

The Defendants responded on June 30, 2020, arguing that JRP 16 provided a basis for the Commission to act within its discretion and dismiss Fuentes' complaint. In particular, the Defendants reasoned that Fuentes had disregarded other procedural rules in failing to file timely discovery responses, to comply with the order compelling discovery, and to respond to the motion for sanctions, rendering the Commission's decision an appropriate sanction.

On July 13, 2020, Fuentes filed a reply brief. Fuentes argued that the Defendants had failed to address the merits of her procedural, factual, and legal arguments, and at the very least had conceded that the dismissal exceeded the Commission's statutory authority. Fuentes contended that the Defendants were proposing the Commission proceed under the fiction that JRP 16 could be invoked after the fact, further violating Fuentes' due process rights.

On September 8, 2020, the Commission entered an order denying Fuentes' petition for a declaratory ruling under JRP 15. The Commission conceded that the express requirements of JRP 12(B) had not been followed, but nonetheless reasoned:

> The answer to this assertion is that the dismissal was not prompted by non-prosecution under JRP 12(B). Rather, it was prompted by Claimant's several failures to respond to discovery and related orders of the Commission, failures which warrant appropriate sanctions under JRP 7 and 16. Claimant should not be heard to raise due process violations ostensibly related to the Commission's incorrect citation to Rule 12(B), when the actual reason for dismissal of the Complaint without prejudice was Claimant's persistent discovery violations. The Commission did not *sua sponte* interject JRP 12(B) as the reason for dismissal, as should be obvious from a casual review of the facts and pleadings leading to the Dismissal Order. The Commission's Order was not issued in response to a motion to dismiss for lack of prosecution, but in response to a motion for sanctions, including dismissal, for Claimant's failure to respond to discovery.

The Commission pointed to JRP 3(F), which addresses motions generally, and which permits the Commission to act on a motion if there is no response to a motion after 14 days from its filing.

The Commission reasoned that the Defendants identified the legal basis for their motion for sanctions, and that under JRP 3(F)(2), Fuentes' failure to respond within 14 days of the motion for sanctions allowed the Commission to act and dismiss the case. The Commission pointed out that Fuentes never filed a motion for reconsideration, which would have likely been liberally granted given the statute of limitations issue. Finally, the Commission rejected Fuentes' due

process argument, applying the *Mathews v. Eldridge*[1] balancing test to conclude that her due process rights were not violated. The Commission accordingly denied Fuentes' petition for declaratory ruling.

The same day, September 8, 2020, the Commission denied Fuentes' motion to retain the case and her motion for reconsideration.

Fuentes filed her notice of appeal on October 15, 2020, followed by an amended notice of appeal on October 19, 2020.

## II. STANDARD OF REVIEW

"When interpreting the [Idaho Worker's Compensation] Act, we must liberally construe its provisions in favor of the employee in order to serve the humane purpose for which it was promulgated." *Wernecke v. St. Maries Joint Sch. Dist. No. 401*, 147 Idaho 277, 282, 207 P.3d 1008, 1013 (2009). This Court may set aside an order of the Industrial Commission if:

> (1) The commission's findings of fact are not based on any substantial competent evidence;
>
> (2) The commission has acted without jurisdiction or in excess of its powers;
>
> (3) The findings of fact, order or award were procured by fraud;
>
> (4) The findings of fact do not as a matter of law support the order or award.

I.C. § 72-732.

## III. ANALYSIS

"As a creature of legislative invention, the Commission may only act pursuant to an enumerated power, whether it be directly statutory or based upon rules and regulations properly issued by the Commission under [Idaho Code section] 72-508." *Curr v. Curr*, 124 Idaho 686, 691, 864 P.2d 132, 137 (1993) (footnote omitted). Idaho Code section 72-508 provides the Commission with the "authority to promulgate and adopt reasonable rules and regulations involving judicial matters." I.C. § 72-508. "Rules and regulations as promulgated and adopted, if not inconsistent with law, shall be binding in the administration of this law." *Id.*

### A. The Commission acted in excess of its powers when it misapplied JRP 12(B) in the initial dismissal order.

---

[1] 424 U.S. 319 (1976).

The Commission's initial order dismissing Fuentes' case was premised explicitly on JRP 12(B). JRP 12(B) provides an avenue for the Commission to dismiss claims that are not actively prosecuted:

> The Commission may dismiss a complaint without prejudice if no action has been taken on the case for a period of six (6) months. Prior to dismissal, the Commission shall give written notice to the parties of the Commission's intent to dismiss the complaint. Any party may, within 21 days of the date of service of the Commission's notice, show cause in writing why the Commission should not dismiss the complaint.

JRP 12(B).

JRP 12(B), however, does not provide the Commission with the power to dismiss Fuentes' case in the way that it did: there is no evidence in the record, nor did the Commission find, that Fuentes had not taken action on her case for six months. The Commission then wholly failed to follow its own procedure: after it had incorrectly identified JRP 12(B) as the governing legal standard, it nonetheless failed to provide notice of intent to dismiss and sufficient time to show cause.

The Commission also applied a "good cause" standard, stating that "[n]o good cause has been presented to retain the case." JRP 12(B) does not mandate a showing of "good cause," only "cause," a lesser standard. The application of a "good cause" standard contravenes both the plain language of JRP 12(B) and this Court's case law:

> dismissals with prejudice are appropriate where there is a clear showing of delay and the ineffectiveness of lesser sanctions bolstered by the presence of at least one aggravating factor such as: (1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the defendant.

*Blaser v. Riceci*, 119 Idaho 834, 835, 810 P.2d 1120, 1121 (1991). Though the Commission later recognized that the dismissal of Fuentes' case without prejudice was "tantamount to an order of dismissal with prejudice" because the statute of limitations had run, the Commission never considered the imposition of lesser sanctions, let alone whether lesser sanctions had been ineffective. Not only is this inconsistent with our case law, it is in violation of the Commission's own rule, and thus is an act in excess of the Commission's powers.

Furthermore, the full Commission stepped in to dismiss the case. JRP 8 provides that a party or the Commission itself may move the Commission to hold a conference to discuss "[w]hether the case should be heard by the full Commission because it is a case of first impression, presents a situation to overturn or modify precedent, involves novel or complex facts, or otherwise

6

merits hearing by the full Commission rather than a Referee . . . ." JRP 8(B). A statement to that effect must also be contained in any written requests for a hearing. JRP 8(C). However, nowhere in JRP 8 nor in the remainder of the JRP exists a mechanism for the full Commission to *sua sponte* step in and dismiss a case that has already been assigned to a Referee. Without such a mechanism, the Commission does not have the power to do so. I.C. § 72-508; *see also Curr*, 124 Idaho at 691, 864 P.2d at 137.

Therefore, we conclude that the Commission acted in excess of its powers when it misapplied JRP 12(B) to dismiss Fuentes' case.

### B. The Commission also acted in excess of its powers when it applied JRP 16 to Fuentes' case.

The Commission's order denying Fuentes' petition for a declaratory ruling under JRP 15 was premised on JRP 16. The Commission stated "JRP 16 peculiarly governs sanctions relating to discovery matters" and that it had determined the dismissal of Fuentes' claim was an "appropriate sanction" for persistent discovery violations under JRP 16.

JRP 16 provides, in its entirety, that "[t]he Commission retains power to impose appropriate sanctions for any violation or abuse of its rules or procedures." JRP 16.

Under Idaho Code section 72-508, the Commission has "authority to promulgate and adopt reasonable rules and regulations involving judicial matters." I.C. § 72-508. "Rules and regulations as promulgated and adopted, if not inconsistent with law, shall be binding in the administration of this law." *Id.* Therefore, "the Commission's authority to adopt rules and regulations governing judicial matters is limited to the extent that such rules and regulations cannot be inconsistent with the Workers' Compensation Act." *Emery v. J.R. Simplot Co.*, 141 Idaho 407, 409–10, 111 P.3d 92, 94–95 (2005). This includes the purposes of the Act: Idaho Code section 72-508 provides that the "[C]omission shall have authority to promulgate and adopt reasonable rules and regulations for effecting the purposes of" the Act. I.C. § 72-508.

We need not decide whether JRP 16 as a whole is an unreasonable rule because we conclude that, as applied here, JRP 16 is inconsistent with the purposes of the Act as is prohibited by Idaho Code section 72-508. Under the Act, the Idaho Industrial Commission is tasked with "provid[ing] *sure and certain relief* for injured workers and their families and dependents." *See Wernecke*, 147 Idaho at 282, 207 P.3d at 1013 (italics added); *see also* I. C. § 72-201. Dismissing Fuentes' claim with prejudice for a discovery violation directly contravenes "the humane purpose for which [the Act] was promulgated." *See id.*

7

For example, in the world of civil litigation, this Court has stated that dismissals with prejudice are a "drastic remedy which should be used sparingly." *Kirkham v. 4.60 Acres of Land in Vicinity of Inkom, Bannock Cnty.*, 100 Idaho 781, 784, 605 P.2d 959, 962 (1980). A tribunal "should not impose a sanction that will prevent full adjudication of a case on the merits without having first considered lesser sanctions and having reached a conclusion, supported by the record, that lesser sanctions would be ineffective or inadequate." *Roe v. Doe*, 129 Idaho 663, 668, 931 P.2d 657, 662 (Idaho Ct. App. 1996).

As noted by Wright & Miller regarding the use of sanction power in federal courts,

> "[I]t seems especially fitting that courts should make the punishment fit the crime and should not impose a drastic sanction that will prevent adjudication of a case on its merits except on the clearest showing that this course is required. . . . The courts have . . . exercised their discretion in a fashion intended to encourage discovery rather than simply to punish for failure to make discovery."

> Thus, before reaching a decision to dismiss, the trial judge should first endeavor to determine whether lesser sanctions will achieve the desired result of valid litigation between informed parties. . . . [T]here are many alternatives that can be tried before dismissal becomes appropriate. For example, the trial judge may award costs against either the party, or his attorney. The trial judge may issue an order which establishes disputed facts in favor of the moving party and against the disobedient party. . . . One party should not be thrown out of court without consideration of some of the lesser alternatives available to the trial judge.

*Southern Idaho Production Credit Ass'n v. Astorquia*, 113 Idaho 526, 532, 746 P.2d 985, 991 (1987) (Donaldson, J., specially concurring) (quoting 8 WRIGHT & MILLER, FED. PRAC. & PROC. § 2284, pp. 767–72 (footnotes omitted)) (internal citations omitted).

Notably, the Commission has also recognized these principles, though not in relation to Fuentes. Only four and a half months after entering its Order Denying Petition for Declaratory Ruling in Fuentes' case, the Commission stated in another case that "[t]he consequences to a claimant of dismissing a complaint, even if the dismissal is without prejudice, in a case where the statute of limitations has lapsed, are very harsh indeed. Claimant would be barred from pursuing her case and obtaining statutory benefits she may be entitled to." *Jordan v. Walmart Assocs., Inc.*, IC 2019-017748, at *6 (Idaho Ind. Com. Jan. 29, 2021). Likewise, almost six months prior to dismissing Fuentes' case, the Commission stated it "disfavors such dismissals because one of the aims of the statutory scheme is to provide sure and certain relief for workplace injuries." *Escutia v. Obendorf Hops, Inc.*, IC 2012-011436, 2020 WL 1957677, at *3 (Idaho Ind. Com. March 18,

2020).

The Commission has provided no reasoning why Fuentes, unlike the claimant in *Escutia*, should be faulted for the shortcomings of her attorney and subjected to the draconian measure of a dismissal with prejudice as an initial sanction. *See id.* The Commission never considered lesser sanctions, nor did it conclude that lesser sanctions would be ineffective or inadequate. We recognize that Fuentes' counsel below failed to provide her with stellar—or even adequate— representation, and that the Commission is within its rights to enact and enforce rules that "promote compliance with all aspects of an orderly judicial system." *See* JRP 16 cmt. However, the goal of promoting compliance with the rules must be weighed against the ultimate goal of providing "sure and certain relief for injured workers." *See Wernecke*, 147 Idaho at 282, 207 P.3d at 1013.

We therefore hold that the Commission acted in excess of its powers when it applied JRP 16 to dismiss Fuentes' claim with prejudice as an initial sanction. Because we conclude that the Commission acted in excess of its powers in dismissing Fuentes' case, we need not consider the remaining arguments raised by Fuentes on appeal.

## IV. CONCLUSION

For the reasons stated above, we reverse the Commission's decision to dismiss Fuentes' case and vacate the order. The case is remanded for further proceedings consistent with this opinion.

Chief Justice BEVAN, Justices BRODY, MOELLER and ZAHN CONCUR.