111 P.3d 92

Mark D. EMERY, Claimant–Appellant,

v.

J.R. SIMPLOT COMPANY, Defendant–Respondent.

No. 30055.

Supreme Court of Idaho, Boise, November 2004 Term.

March 3, 2005.

Rehearing Denied April 29, 2005.

408

John F. Greenfield, P.A., Boise, for appellant. Darin G. Monroe argued.

Wesley Landon Scrivner, Boise, for respondent.

SCHROEDER, Chief Justice.

Mark Emery (Emery) appeals an Industrial Commission order denying his motion to vacate an order dismissing his claim with prejudice that was entered pursuant to a stipulation to dismiss with prejudice executed by Emery and his employer, J.R. Simplot Company (Simplot).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Emery began working for Simplot as a warehouseman in November of 2000. On March 10, 2001, he twisted and injured his back as he hurried to get out of the way of falling boxes. After reviewing a lumbar MRI taken on April 11, Dr. Douglas M. Hill diagnosed Emery with a work-related lumbar sprain and a pre-existing degenerative lumbar disc disease. Emery was treated conservatively for his condition. He continued to work for Simplot, but in a lighter position than his previous job as a warehouseman.

On August 8, 2001, Dr. Hill released Emery from his care. Though Emery continued to suffer from low back pain, Dr. Hill determined that this pain was related to a pre-existing condition and not the work-related injury. Simplot denied compensation for all expenses incurred by Emery for his treatment after August 8, 2001.

Emery sought a second opinion from Dr. Lisa Koltes on August 27, 2001. At this point, Emery had retained an attorney who arranged for an examination by Dr. Monte Moore, a physiatrist in Boise. Dr. Moore examined Emery and assigned him a five percent permanent impairment rating. Of this five percent, Dr. Moore attributed two and one-half percent to Emery's pre-existing condition and the remaining two and one-half percent to the work-related injury.

Emery's attorney filed a workers' compensation claim with the Industrial Commission on February 20, 2002, alleging that Emery was entitled to further compensation from Simplot. Emery offered to settle the claim, but Simplot rejected this offer. Shortly before the hearing Emery's attorney advised him that proceeding with the matter would involve substantial risk and expense. The attorney suggested that Emery dismiss his claim. Emery agreed.

Emery's attorney sent a stipulation to dismiss to Simplot. Simplot refused to sign the stipulation as it was written and insisted that the dismissal be "with prejudice" to avoid the possibility of Emery bringing the same claim at a later date. Emery and Simplot both signed the stipulation to dismiss with prejudice. Before approving the stipulation to dismiss with prejudice, the Commission sought additional information as to the reasons for dismissal from Emery and his attorney who sent a letter to the Commission setting forth the reasons for permanently dismissing the claim. The Commission approved the stipulation and issued an order dismissing the claim on October 28, 2002.

Emery alleges that he did not fully understand the implications of a dismissal "with prejudice." He retained new counsel in January of 2003, and on May 12 submitted a motion to vacate the Commission's dismissal of his claim. The Commission treated the motion as a motion for reconsideration, which it determined was untimely. The Commission denied Emery's motion on July 2, 2003.

Emery submitted a motion for reconsideration of the Commission's denial of his May 12 motion to vacate. The Commission determined that its July 2 Order improperly disposed of the case. The Commission reconsidered Emery's May 12 motion to vacate on August 29 and denied it on its substantive merits. Emery appealed, challenging the Commission's approval of the stipulation of dismissal and its subsequent denial of his motion to vacate.

## II.

### STANDARD OF REVIEW

This Court has held that:

The Industrial Commission's conclusions of law are freely reviewable by this Court. *Taylor v. Soran Rest., Inc.,* 131 Idaho 525, 527, 960 P.2d 1254, 1256 (1998). Factual findings will be upheld if supported by substantial, competent evidence. *Id.* Constitutional issues as well as the construction and application of legislative acts are questions of law subject to free review by this Court. *Struhs v. Prot. Tech.'s, Inc.,* 133 Idaho 715, 722, 992 P.2d 164, 171 (1999).

*Cutsinger v. Spears Mfg. Co., Inc.,* 137 Idaho 464, 466, 50 P.3d 479, 481 (2002).

## III.

### THE COMMISSION HAD THE AUTHORITY UNDER I.C. § 72–508 TO DISMISS THE CLAIM BY APPROVING THE STIPULATION TO DISMISS THE CLAIM WITH PREJUDICE

Emery maintains that the Commission exceeded its statutory authority under I.C. § 72–508 when it applied Rule XII(A) of its own Judicial Rules of Practice and Procedure to approve a stipulation of the parties to dismiss the claim with prejudice, asserting that I.C. § 72–318(2) suggests that the stipulation was void as against public policy.

I.C. § 72–508 explicitly grants the Commission the authority to adopt rules governing judicial practice and procedure in front of the Commission.

Idaho Code § 72–508 states that:

[T]he Commission shall have authority to promulgate and adopt reasonable rules and regulations for effecting the purposes of this [Workers' Compensation] act.... [T]he commission shall have authority to promulgate and adopt reasonable rules and regulations involving judicial matters.... Rules and regulation as promulgated and adopted, if not inconsistent with law, shall be binding in the administration of this law.

I.C. § 72–508 (1999). According to the language of I.C. § 72–508, the Commission's authority to adopt rules and regulations governing judicial matters is limited to the extent that such rules and regulations cannot

be inconsistent with the Workers' Compensation Act.

■ Emery argues that the stipulation to dismiss his claim with prejudice amounts to an "agreement by an employee to waive his rights to compensation," which is invalid under I.C. § 72–318(2). His argument is that although the Commission has the authority to adopt rules and regulations governing judicial matters, it applied Rule XII(A) to approve an agreement that violated I.C. § 72–318(2), making the Commission's actions in this case "inconsistent with law." Idaho Code § 72–318 states that:

(1) No agreement by an employee to pay any portion of the premiums paid by his employer for workmen's compensation, or to contribute to the cost or other security maintained for or carried for the purpose of securing the payment of workmen's compensation, or to contribute to a benefit fund or department maintained by the employer, or any contract, rule, regulation or device whatever designed to relieve the employer in whole or in part from any liability created by this law, shall be valid. . . .

(2) No agreement by an employee to waive his rights to compensation under this act shall be valid.

I.C. § 72–318 (1999).

Emery's argument focuses on I.C. § 72–318(2). However, the stipulation to dismiss Emery's claim with prejudice is not an "agreement by an employee to waive his rights to compensation under [the Workers' Compensation] act." I.C. § 72–318(2). Emery was not waiving his rights to compensation under the act. He stipulated to dismiss his claim with respect to the injury he suffered on March 10, 2001. The stipulation did not relieve Simplot of liability for any injury he might suffer in the future while employed by Simplot. Emery and Simplot agreed to resolve the specific claim at issue in this case. The Commission's finding that the parties had not created a "scheme" to avoid the employer's obligations under the workers' compensation statutes is supported by substantial evidence.

■ Emery's claim that the only instances where a workers' compensation claim can be dismissed with prejudice are under the lump sum provisions of Idaho Code §§ 72–404 and 72–711 is not persuasive. Those statutes specifically provide that settlements under their provisions permanently resolve workers' compensation claims. I.C. §§ 72–404, 72–711 (1999). This does not mean that a lump sum settlement is the *only* way to permanently settle workers' compensation claims.

■ Pursuant to the authority granted to it in I.C. § 72–508, the Commission adopted Rule XII(A) of its Judicial Rules of Practice and Procedure. In 2002, the year the Commission issued its order approving the stipulation to dismiss with prejudice, Rule XII(A) stated, "[u]nless good cause to the contrary appears, the Commission shall grant a Motion for Dismissal when made by the party filing the Complaint." Idaho Indus. Comm'n, Judicial Rules of Practice Procedure Rule XII(A)(1999). The Rule does not say anything about a dismissal being with or without prejudice. Emery's argument that the Commission's reliance on this rule to approve the stipulation to dismiss with prejudice is "inconsistent with law" is not persuasive. Rule XII(A) does not preclude the Commission from approving a stipulation to dismiss with prejudice. I.C. § 72–318(2) does not invalidate the stipulation to dismiss with prejudice under the facts of this case. The Commission's actions in this case were in accordance with I.C. § 72–508.

■ The fact that there was no hearing on the merits of Emery's case and no compensation paid to him in exchange for dismissing his claims does not change the result of this case. Emery does not challenge Rule XII(A) in general. Under Rule XII(A), there is no requirement that a hearing be held prior to dismissal or that compensation be paid to a claimant who brings a motion to dismiss.

■ The Commission's decision is also in accordance with *Woodvine v. Triangle Dairy, Inc.,* 106 Idaho 716, 682 P.2d 1263 (1984), which held that the Commission's decisions were final only as to those matters actually considered by it. *Id.* at 721, 682 P.2d at 1268. Before approving the stipula-

tion to dismiss with prejudice, the Commission sought additional information from Emery's prior attorney as to the reasons for the dismissal. The attorney responded with a letter to the Commission informing it that Emery's medical information, Simplot's surveillance tapes, high litigation costs, and Emery's continued employment with Simplot were the motivating factors behind the dismissal. The letter stated that, "Claimant has decided, after full legal consultation, to permanently dismiss this case." After reviewing this information, the Commission approved the stipulation and issued its order dismissing the Complaint. The Commission actually considered the stipulation. The Order dismissing Emery's claim is a final decision of the Commission.

The Commission again examined the stipulation to dismiss with prejudice in considering Emery's motion to vacate and determined that there was sufficient consideration supporting it. The Commission stated that:

> [T]he stipulation is not void for want of consideration under basic contract principles. Claimant received certain compensation benefits before determining to end his claim for further benefits. Moreover, it is clear that Claimant considered the medical information, surveillance videotape, litigation cost, and retention of his job with Defendant as other factors in his decision to permanently dismiss his case. In hindsight, Claimant regrets the earlier decision. However, at the time of dismissal, Claimant appeared to be fully cognizant of his decision in this matter.

The Commission's analysis of the circumstances surrounding the execution of the stipulation is valid in light of the evidence presented to it. There was good cause supporting the Commission's approval of the stipulation to dismiss with prejudice, and there was good cause supporting the Commission's refusal to vacate that dismissal.

### IV.

### I.C. § 72–404 AND 72–711 DO NOT PREVENT THE COMMISSION'S DISMISSAL OF THE CLAIM WITH PREJUDICE IN THIS CASE

Emery argues that the Commission did not have statutory authority under either I.C. § 72–711 or I.C. § 72–404 to approve a stipulation to dismiss the Claimant's Complaint with prejudice, and I.C. § 72–318(2) suggests that the stipulation was void as against public policy.

Emery argues that the Legislature specifically provided for instances where a workers' compensation claim could be settled between the parties without a hearing, stating that the statutes allowing for such settlement are I.C. §§ 72–404 and 72–711. He maintains that a stipulation to dismiss with prejudice does not qualify under I.C. §§ 72–404 and 72–711 and is not the proper means for the Commission to dismiss a workers' compensation claim.

In its August 29, 2003, order denying the motion to vacate the Commission determined that I.C. § 72–711 was not relevant to this case because the stipulation was not "an agreement in regard to compensation." The Commission reasoned that since the stipulation addressed only the complaint filed by Emery and "not the income or medical benefits for which Defendant was or was not liable .... it cannot be considered an enforceable award of the Commission." Similarly, the Commission refused to characterize the stipulation as an agreement for a "lump sum" payment under I.C. § 72–404. Thus, the Commission's refusal to vacate its prior order approving the stipulation was based on its findings that there was consideration supporting the agreement, and that the agreement did not violate I.C. § 72–318(2). In other words, I.C. §§ 72–711 and 72–404 were not relevant to the determination of whether the Commission had the authority to approve the stipulation to dismiss with prejudice.

Emery's argument that the Commission lacked authority under I.C. §§ 72–711 and 72–404 to approve the stipulation to dismiss with prejudice is nearly identical to the argument he made that any agreement dismissing a case outside the lump sum provisions violates I.C. § 72–318(2). Here, Emery's argument is that the stipulation did not qualify as a lump sum settlement under I.C. §§ 72–711 and 72–404, and the Commission cannot ap-

prove an invalid lump sum settlement. However, there is nothing in the record, statutes or case law supporting Emery's argument that the mere existence of I.C. §§ 72–711 and 72–404 precludes the use of any other agreement dismissing a workers' compensation claim with prejudice. Emery's argument that the Commission lacked authority to approve the stipulation under I.C. §§ 72–711 and 72–404 depends on his argument that I.C. § 72–318(2) prohibits the ·dismissal of workers' compensation claims with prejudice outside the lump sum provisions. Idaho Code § 72–318(2) does not invalidate the stipulation in this case. A determination of whether or not it qualified as a lump sum settlement under I.C. §§ 72–711 and/or 72–404 is unnecessary.

The Commission acted pursuant to its authority under I.C. § 72–508 in adopting and applying Rule XII(A) to approve the stipulation at issue in this case, and such approval neither violated I.C. § 72–318(2), nor was it "inconsistent with law." There is no error in the Commission's determination that I.C. §§ 72–711 and 72–404 do not apply to this case.

### V.

### CONCLUSION

The Commission's order denying Emery's motion to vacate the dismissal of his claim is affirmed. Simplot is awarded costs.

Justice TROUT, KIDWELL, EISMANN and BURDICK concur.