# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43863

GARY DAVIS,  )
    )
    Claimant-Appellant-Cross Respondent,  )
    )
v.  )
    )
HAMMACK MANAGEMENT, INC.,  )
Employer, and IDAHO STATE INSURANCE  )    Boise, December 2016 Term
FUND, Surety,  )
    )    2017 Opinion No. 16
    Defendants-Respondents-  )
    Cross Respondents,  )    Filed: February 24, 2017
    )
and  )    Stephen W. Kenyon, Clerk
    )
STATE OF IDAHO, INDUSTRIAL  )
SPECIAL INDEMNITY FUND,  )
    )
    Defendant-Respondent-  )
    Cross Appellant.  )
_____  ).

Appeal from the Idaho Industrial Commission.

The decision of the Idaho Industrial Commission is <u>affirmed</u>, in part, and <u>reversed</u>, in part.

Ellsworth, Kallas & DeFranco, PLLC, Boise, for appellant. Rick D. Kallas argued.

Elam & Burke, P.A., Boise, for respondent Employer & Surety.

Mallea Law Office, Meridian, for respondent ISIF. Kenneth L. Mallea argued.

_____

J. JONES, Justice Pro Tem.

This is a total and permanent disability case where Gary Davis ("Claimant"), Hammack Management, Inc. ("Employer"), the Idaho State Insurance Fund ("Surety"), and the Idaho Industrial Special Indemnity Fund ("ISIF") entered into a compensation agreement ("Stipulation"). The parties agreed that Claimant became totally and permanently disabled based

1

on the combined effects of his preexisting impairments and a workplace injury that occurred in 2004. The Stipulation outlined each party's financial obligations to Claimant, including a credit to Employer for permanent partial impairment benefits previously paid. The Idaho Industrial Commission ("Commission") approved the Stipulation. Subsequently, this Court issued its decision in *Corgatelli v. Steel West, Inc.*, 157 Idaho 287, 335 P.3d 1150 (2014), prohibiting such a credit. Claimant then sought a declaratory ruling that the credit in the Stipulation was void. The Commission issued an order stating that the Stipulation was binding as written and subsequently denied Claimant's motion for reconsideration. Claimant appealed to this Court.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Claimant suffered a workplace injury in 2004 in an accident that arose out of and in the course of his employment for Employer. Claimant filed a complaint against Employer, Surety, and ISIF. Between the date of the injury and the date when the parties stipulated that Claimant was totally and permanently disabled, Claimant underwent seven spine surgeries that resulted in fourteen levels of his cervical, thoracic, and lumbar spine being fused with hardware through internal fixation.

Claimant, Employer, Surety, and ISIF later entered into negotiations regarding compensation and reached the agreement contained in the Stipulation. They agreed that Claimant was totally and permanently disabled as of October 1, 2013 ("MMI date"). Before that time, Claimant was characterized as temporarily disabled, and all parties agreed that he had been paid all benefits due through the MMI date. The parties agreed that Claimant had a preexisting 32% whole person permanent partial impairment ("PPI") before the injury and an additional 27% whole person PPI due to the 2004 injury. Employer accepted responsibility for paying 250 weeks of total and permanent disability income benefits commencing as of Claimant's MMI date. Surety agreed to pay those benefits "in the amount of 55% of the average weekly state wage for 2004, the year of the industrial injury, namely, $293.70 per week, subject to the credit" at issue here. The Stipulation continued:

> Beginning on October 1, 2013, Claimant is entitled to be paid total and permanent disability benefits at 45% of the then prevailing average weekly state wage pursuant to Idaho Code Sections 72-408 and 72-409. Therefore, the total and permanent disability benefit rate for claimant for 2013 is $303.30 per week, and for 2014 is $307.80 per week. The difference between Surety's obligation of $293.70 per week and Claimant's benefit rate of 45% of the prevailing average

state weekly wage shall be paid by the ISIF. Therefore, for the period of October 1, 2013 through December 31, 2013, the ISIF will pay to Claimant the sum of $9.60 per week. For the calendar year 2014, ISIF shall be obligated to pay to Claimant the differential amount of $14.10 per week. At the expiration of said 250 week period, subject to the credit discussed in paragraph 12, below, the ISIF will pay Claimant his full statutory income benefits, said amount being 45% of the then prevailing average state weekly wage, until Claimant's death.

The credit agreed on by the parties in paragraph 12 was described as follows:

Surety has accepted aggregate permanent physical impairment ratings amounting to 27% whole person impairment for the industrial injury and paid the benefits associated with such ratings. In addition, Surety has paid Claimant benefits corresponding to 5% whole person as an advance against permanent disability. These benefits, combined, amount to a total of 160 weeks. The amount paid by Surety to Claimant for the 160 weeks based on the combined total of the 27% whole person PPI and 5% advance against permanent disability, amounts to $46,992. Notwithstanding any other provision herein, Surety is entitled to a credit of 160 weeks, or $46,992, against its obligation to pay 250 weeks of total and permanent disability benefits to Claimant beginning October 1, 2013, leaving a total of 90 weeks of benefits to be paid by Surety.

The 160 weeks are broken down into two sections: (1) 135 weeks for the 27% whole person PPI equaling $39,649.50 ("PPI credit") and (2) a credit of 25 weeks based on the 5% disability in excess of impairment benefits that Employer had paid on a voluntary basis, equaling $7,342.50. Claimant only disputes the PPI credit of $39,649.50, conceding that Employer is entitled to the credit for the 25 weeks.

On June 26, 2014, the Commission approved the Stipulation and dismissed the complaint with prejudice. On August 25, 2014, this Court issued its opinion in *Corgatelli*, which invalidated credits to employers for previously paid PPI benefits. Claimant wrote to Employer, requesting that Employer pay the PPI credit or stipulate to amend the Stipulation to eliminate the PPI credit. Employer refused and stated that it would stop paying Claimant after 90 weeks. Claimant wrote to ISIF and asked that the 45% benefit be paid beginning on week 90, as he believed the credit should accelerate the start date of ISIF's full payment obligation of 45% of the average weekly state wage from week 250 to week 90. ISIF disagreed and refused to confirm that it would begin paying Claimant his full statutory benefits 90 weeks after the stipulated MMI date. It further stated that it would begin paying Claimant on week 250.

Claimant then filed a petition for declaratory ruling with the Commission under its Judicial Rules of Practice and Procedure ("JRP"), requesting the Industrial Commission to interpret the Stipulation and declare the PPI credit granted to Employer void. Employer and

3

Surety filed their objection and response to Claimant's petition for declaratory ruling. ISIF filed a limited appearance to challenge subject matter jurisdiction and service of process. The Commission considered and entered an order on the petition for declaratory ruling, but denied the substantive relief request by Claimant. Claimant filed a motion for reconsideration, which the Commission denied. Claimant filed a timely appeal and ISIF cross-appealed.

## II.
## ISSUES ON APPEAL

1. Whether the Commission had subject matter jurisdiction over the petition for declaratory ruling.

2. Whether the Commission erred in failing to invalidate the PPI credit.

3. Whether any party is entitled to attorney fees.

## III.
## STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, it exercises free review over questions of law but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings." *Vawter v. United Parcel Serv., Inc.*, 155 Idaho 903, 906–07, 318 P.3d 893, 896–97 (2014).

> Upon hearing the Court may affirm or set aside such order or award, or may set it aside only upon any of the following grounds: (1) The commission's findings of fact are not based on any substantial competent evidence; (2) The commission has acted without jurisdiction or in excess of its powers; (3) The findings of fact, order or award were procured by fraud; (4) The findings of fact do not as a matter of law support the order or award.

I.C. § 72-732.

## IV.
## ANALYSIS

**A.     The Commission had subject matter jurisdiction to decide the Petition for a Declaratory Ruling.**

On cross-appeal, ISIF argued that the jurisdiction of the Commission is limited and, as such, it did not have subject matter jurisdiction over the petition for declaratory ruling. In support, ISIF quotes *Curr v. Curr*, 124 Idaho 686, 691, 863 P.2d 132, 137 (1993): "As a creature of legislative invention, the Commission may only act pursuant to an enumerated power, whether it be directly statutory or based upon rules and regulations properly issued by the Commission under I.C. § 72-508." ISIF contends that there is no statute granting the Commission the

4

enumerated power to hear the petition for declaratory ruling. ISIF also argues that JRP 15 does not create jurisdiction and, as a result, that the Commission lacked subject matter jurisdiction to consider the petition for declaratory ruling. ISIF alternatively argues that the Court should determine the Industrial Commission erred in proceeding to consider the merits under JRP 15.

Claimant correctly points to this Court's decision in *Williams v. Blue Cross of Idaho*, 151 Idaho 515, 260 P.3d 1186 (2011), where we held that the Commission had subject matter jurisdiction to entertain and decide a petition for declaratory relief to clarify a claimant's rights under a lump sum settlement agreement that had previously been approved by the Commission. *Id.* at 518, 260 P.3d at 1189. According to Claimant, his petition for declaratory ruling on the Stipulation presents an almost identical situation.

The Commission considered and acted upon the Claimant's petition for declaratory relief, determining that the petition complied with the requirements of JRP 15(c). That rule provides:

> Whenever any person has an actual controversy over the construction, validity or applicability of a statute, rule, or order, that person may file a written petition with the Commission, subject to the following requirements:
>
> 1.   The petitioner must expressly seek a declaratory ruling and must identify the statute, rule, or order on which a ruling is requested and state the issue or issues to be decided;
>
> 2.   The petitioner must allege that an actual controversy exists over the construction, validity or applicability of the statute, rule, or order and must state with specificity the nature of the controversy;
>
> 3.   The petitioner must have an interest which is directly affected by the statute, rule, or order in which a ruling is requested and must plainly state that interest in the petition; and
>
> 4.   The petition shall be accompanied by a memorandum setting forth all relevant facts and law in support thereof.

The petition's compliance with the requirements of JRP 15 does not answer the question of whether the Commission had jurisdiction to entertain and decide this particular petition. Idaho Code section 72-707 provides: "All questions arising under this law, if not settled by agreement or stipulation of the interested parties with approval of the commission, except as otherwise herein provided, shall be determined by the commission." Claimant contends that, although the parties stipulated to a compensation agreement, the Stipulation is void because a critical part, the PPI credit, was determined in *Corgatelli* to be unauthorized by the worker's compensation law and beyond the jurisdiction of the Commission. He points to Idaho Code section 72-711, which

5

provides that "[a]n agreement shall be approved by the commission only when the terms conform to the provisions of this law." If the Commission exceeded its statutory jurisdiction in approving the PPI credit, the order approving the Stipulation cannot be considered final and unassailable.[1] It seems rather elementary that the Commission had the authority under Sections 72-707 and 72-711 to consider and decide the issues raised in the petition. Our holding in *Williams* is dispositive on this issue—the Commission has jurisdiction to decide the rights of parties under an agreement previously approved by order of the Commission.

**B.** **The PPI credit is invalid and the Commission's order approving the Stipulation is void.**

The main thrust of Claimant's argument is that the provision in the Stipulation granting Employer credit for previously paid PPI benefits was invalid under this Court's decision in *Corgatelli*, that the *Corgatelli* decision applies here, that the Commission therefore erred in approving the Stipulation, and that the PPI credit should either be invalidated or the Stipulation voided. In *Corgatelli*, the Court observed: "Examining worker's compensation law as a whole . . . this Court finds that there is no statutory basis for the Commission to award [the employer] a credit for permanent physical impairment benefits previously paid to Corgatelli." *Id.* at 292, 335 P.3d at 1155. Claimant contends that the Commission erred as a matter of law in failing to apply *Corgatelli* to invalidate the credit.

The issue in this case boils down to whether an action by the Industrial Commission that is not within its statutory authority or jurisdiction can stand. If we were to allow the Commission to take action that is not encompassed within its statutory jurisdiction, that would permit it to do what we cannot ourselves do. In *Corgatelli*, we stated that "[a]s a purely statutory scheme, the Court cannot judicially construct a credit for employers into worker's compensation law." *Id.* at 292, 335 P.3d at 1155. We held that no provision of the worker's compensation law provides for such a credit. *Id.*

In *Wernecke v. St. Maries Sch. Dist.*, 147 Idaho 277, 207 P.3d 1008 (2009), this Court held a lump sum settlement agreement to be void where the Commission had approved the

---

[1] This Court has held that "the issue of whether a court has exceeded its jurisdiction is always open to collateral attack in Idaho." *Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). This is particularly so in the case of the Industrial Commission, which, unlike a court, does not have inherent judicial power. Where the Commission's jurisdiction is limited to the parameters specifically set out by the Legislature, it may not take action unauthorized by statute. In this context, the Court ruled in *Corgatelli* that no statutory authority exists for either the Commission or this Court to grant a PPI credit for benefits previously paid.

agreement without making findings required by Idaho Code section 72-332. We said that "[w]ithout such findings, the Commission lacked statutory authority to approve the Agreement and its order purporting to do so is void." *Id.* at 286, 207 P.3d at 1017. Although the *Wernecke* case differs from the present one in a number of respects, what is not different is the fact that in both cases, the Commission took action that lacked a statutory basis.

ISIF contends that the Commission's order approving the Stipulation became final well before Davis filed his petition and, therefore, Davis is prohibited from collaterally attacking the order. This argument rings a bell since it was raised and addressed in *Wernecke*, where this Court responded:

> Although ISIF asserts that Wernecke is attempting an impermissible collateral attack of [sic] the Commission's order approving the Agreement, we disagree because we find the order to be void. A void judgment can be attacked at any time. *Burns v. Baldwin*, 138 Idaho 480, 486, 65 P.3d 502, 508 (2003). "A void judgment . . . may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. . . . It may be attacked by a person adversely affected by it, in any proceeding, direct or collateral, and at any time." *Martin v. Soden*, 81 Idaho 274, 281, 340 P.2d 848, 852 (1959) (quoting 30A Am.Jur. *Judgments* § 45). A judgment is void if there is some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. *Hartman v. United Heritage Prop. & Cas. Co.*, 141 Idaho 193, 197, 108 P.3d 340, 344 (2005); *see also Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984) ("[A] judgment by a tribunal without authority, or which exceeds or lies beyond its authority, is necessarily void, and may be shown to be so in collateral proceedings, even though it be a court of general jurisdiction, because no authority derived from the law can transcend the source from whence it came.") (quoting *Wright v. Atwood*, 33 Idaho 455, 462, 195 P. 625, 627 (1921)). An administrative agency is limited to the power and authority granted it by the legislature. *Welch v. Del Monte Corp.*, 128 Idaho 513, 514, 915 P.2d 1371, 1372 (1996). Orders by an administrative agency which authorize something prohibited by the statute are not merely erroneous, but are void. C.J.S. *Public Administrative Law & Procedure* § 122. Therefore, because we determine that the Agreement approved by the Commission violated the Act, and the Commission is not authorized to approve agreements that violate the Act, the Commission acted outside its statutory authority and the Agreement is void and subject to collateral attack.

*Id.* at 286–87, n.10, 207 P.3d at 1017–18, n.10.

In this case, the Commission approved the Stipulation in violation of the provisions of Idaho Code section 72-318, which provides in pertinent part:

7

(1) No . . . contract, rule, regulation or device whatever designed to relieve the employer in whole or in part from any liability created by this law, shall be valid.

(2) No agreement by any employee to waive his rights to compensation under this act shall be valid.

The credit disallowed in *Corgatelli* and the credit here both deprive an injured worker of benefits provided under the worker's compensation law. Because the Commission approved the Stipulation without statutory jurisdiction, depriving Claimant benefits to which he was entitled under the law, the Commission's order is void. We therefore reverse. Because of this holding, we need not address the other issues raised by the parties.

## V.
## ATTORNEY FEES

Because the Court has addressed and decided an issue of first impression, we decline to award attorneys to any party.

## VI.
## CONCLUSION

The Court affirms the Industrial Commission's holding that it had subject matter jurisdiction over the Claimant's petition for declaratory ruling but we reverse its order upholding the Stipulation and its PPI credit. Costs, but no attorney fees, are awarded to Claimant.

Chief Justice BURDICK and Justice W. JONES CONCUR.

Justice EISMANN, concurring in part and dissenting in part.

I concur in Part V.A. that the Commission had subject matter jurisdiction to decide the Petition for Declaratory Ruling, and I dissent from Part V.B. because it is contrary to the applicable statutes and our prior decisions, including the decision upon which the majority opinion is based.

On June 6, 2014, Claimant, Surety, and ISIF entered into a stipulation to resolve Claimant's workers' compensation claim. As part of that stipulation, the parties agreed that Claimant became totally and permanently disabled on October 1, 2013. The Commission approved the stipulation and dismissed Claimant's complaint with prejudice on June 26, 2014.

On August 25, 2014, this Court issued its opinion in *Corgatelli v. Steel West, Inc.*, 157 Idaho 287, 335 P.3d 1150 (2014). In that case we held that there is no statutory basis for the

Commission to award an employer/surety a credit for permanent physical impairment benefits previously paid a claimant in a workers' compensation proceeding.

On February 26, 2015, Claimant filed this proceeding seeking to reopen his case in order to obtain additional benefits to which he would be entitled under the *Corgatelli* decision. The majority holds that he can do so pursuant to Idaho Code section 72-318(2), which states, "No agreement by an employee to waive his rights to compensation under this act shall be valid." The majority opinion is contrary to our prior case law, including *Wernecke v. St. Maries Joint School District No. 401*, 147 Idaho 277, 207 P.3d 1008 (2009), the opinion upon which the majority relies.

In *Emery v. J.R. Simplot Co.*, 141 Idaho 407, 111 P.3d 92 (2005), an employee filed a workers' compensation claim seeking benefits for a back injury. *Id*. at 409, 111 P.3d at 94. Shortly before the hearing, his attorney suggested that he dismiss his claim, and he agreed to do so. *Id*. The employer would not agree to a dismissal unless it was with prejudice, and the employee and employer signed a stipulation dismissing the claim with prejudice. *Id*. The Commission approved the stipulation and dismissed the claim. *Id*.

The employee later obtained different counsel and filed a motion to vacate the dismissal on the ground that he did not understand the implications of a dismissal with prejudice. *Id*. The Commission treated the motion as a motion for reconsideration and denied it as being untimely. *Id*. The employee then appealed. *Id*.

On appeal, he argued that "the stipulation to dismiss his claim with prejudice amounts to an 'agreement by an employee to waive his rights to compensation,' which is invalid under I.C. § 72–318(2)." *Id*. at 410, 111 P.3d at 95. This Court rejected that argument, holding that a stipulation to resolve a specific claim did not constitute a waiver of the claimant's rights to compensation under the Workers' Compensation Act, even if the stipulation meant he received no benefits for his claim. We stated as follows:

> Emery's argument focuses on I.C. § 72–318(2). However, the stipulation to dismiss Emery's claim with prejudice is not an "agreement by an employee to waive his rights to compensation under [the Workers' Compensation] act." I.C. § 72–318(2). Emery was not waiving his rights to compensation under the act. He stipulated to dismiss his claim with respect to the injury he suffered on March 10, 2001. The stipulation did not relieve Simplot of liability for any injury he might suffer in the future while employed by Simplot. Emery and Simplot agreed to resolve the specific claim at issue in this case. The Commission's finding that the

9

parties had not created a "scheme" to avoid the employer's obligations under the workers' compensation statutes is supported by substantial evidence.

*Id*.

The *Wernecke* case, upon which the majority bases its opinion, also agreed that the parties' agreement to compromise claims for past injuries does not violate Idaho Code section 72-318(2).

> While parties may compromise claims arising from past injuries, they generally may not compromise claims arising from future injuries. *Emery*, 141 Idaho at 410, 111 P.3d at 95. We held in *Emery* that a stipulation dismissing a claim with prejudice, even without payment of compensation, did not violate Idaho Code section 72–318(2). *Id.* In so holding we emphasized that the stipulation merely dismissed Emery's claim with respect to the injury he suffered on a specific occasion. *Id.* Notably, this Court found it significant that "[t]he stipulation did not relieve [the employer] of liability for any injury [Emery] might suffer in the future while employed by [the employer]. Emery and [the employer] agreed to resolve the specific claim at issue in this case." *Id.* Despite ISIF's argument that *Emery* did not explicitly disallow stipulations dismissing claims for benefits arising out of future injuries, the case indicates such agreements are violative of section 72–318(2). The language of the statute specifies that "*[n]o agreement by an employee to waive his rights to compensation under this act shall be valid.*" I.C. § 72–318(2) (emphasis added). Therefore, agreements attempting to waive compensation rights stemming from future, unknown injuries are generally invalid.

*Wernecke*, 147 Idaho at 283–84, 207 P.3d at 1014–15.

Thus, both *Emery* and *Wernecke* agree that a settlement resolving an existing claim arising from past injuries does not violate Idaho Code section 72-318(2). In this case, the parties agreed that the stipulation resolved Claimant's existing claim.

> 18. The terms of this Stipulation shall be binding upon all of the undersigned parties, their heirs, representatives, successors and assigns.
> 19. All parties stipulate that the Commission shall, on and by approval hereof, be deemed to adjudicate said alleged accident, resultant injury and disability industrial in nature and origin, and all pre-existing disability, as provided by the Worker's Compensation Laws of the State of Idaho.

Claimant is simply seeking additional compensation for the claim that he had stipulated to resolve in full. The majority does not address either *Emery* or that part of *Wernecke* that conflicts with the majority's opinion.

10

Committing an error in law does not deprive the Commission of subject matter jurisdiction or render its order void. In *Gordon v. Gordon*, 118 Idaho 804, 807, 800 P.2d 1018, 1021 (1990), a husband was ordered to pay child support for a child that he and his wife had taken in and were raising. *Id*. at 805, 800 P.2d at 1019. Slightly over one year after the decree was entered, he sought to collaterally attack it, contending that because he owed no legal duty to support the child, the divorce court did not have jurisdiction to order him to pay support for the child. *Id*. at 807, 800 P.2d at 1021. This Court first noted that in order for a judgment to be void, the court must lack either personal jurisdiction or subject matter jurisdiction. *Id*. This Court then held, "A judgment that incorrectly interprets a rule of law does not divest the court of jurisdiction over the subject matter or over the parties." *Id*.

Thus, a court's judgment is not rendered void because of an error in law as long as the court had jurisdiction over the parties and the subject matter of the lawsuit. Long ago, we applied that same rule to administrative agencies. We held that "where the Industrial Accident Board has jurisdiction of the subject matter and of the parties, as in the case at bar, it has jurisdiction to commit error, applying to awards of industrial accident boards the rule applicable to *nisi prius* [trial] courts." *Bower v. Smith*, 63 Idaho 128, 133–34, 118 P.2d 737, 739 (1941). The subject matter jurisdiction of the Industrial Accident Board was the same as the subject matter jurisdiction of its successor, the Industrial Commission.[2]

Based upon the stipulation, Claimant's case was dismissed on June 26, 2014. He did not timely file a motion for reconsideration or an appeal. The order dismissing his case became final twenty days later. I.C. § 72-718. Idaho Code section 72-719 provides a means by which a party can seek to have the Commission review any order, agreement or award. There are only two grounds upon which a party may obtain such review: "(a) Change in the nature or extent of the employee's injury or disablement; or (b) Fraud." I.C. § 72-719(1). Neither ground is applicable in this case. In addition, the Commission may, on its own motion, review a case in order to correct manifest injustice. I.C. § 72-719(3). It has not chosen to do so in this case. Therefore, Claimant's award in this case is final, and it may not be reopened pursuant to Idaho Code section

---

[2] Idaho Code section 72-613 (1949) stated, "All questions arising under this act, if not settled by agreement or stipulation of the parties interested therein, with the approval of the board, shall, except as otherwise herein provided, be determined by the board." Idaho Code section 72-707 (2006) states, "All questions arising under this law, if not settled by agreement or stipulation of the interested parties with the approval of the commission, except as otherwise herein provided, shall be determined by the commission."

72-719(1), nor does it violate Idaho Code section 72-318(2) as we have construed that statute. The majority opinion is totally contrary to the applicable statutes and case law.

HORTON, J., concurring in part and dissenting in part.

I respectfully dissent from Part IV(B) of the Court's opinion. In my view, the pivotal question the Court is asked to decide is whether to give precedence to the terms of Idaho Code section 72-711 or Idaho Code section 72-718.[3] As Claimant properly notes, Idaho Code section 72-711 provides that a compensation agreement "shall be approved by the commission *only* when the terms conform to the provisions of this law."

Idaho Code section 72-718 provides:

> A decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated by the commission upon filing the decision in the office of the commission; provided, within twenty (20) days from the date of filing the decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative, and in any such events the decision shall be final upon denial of a motion for rehearing or reconsideration or the filing of the decision on rehearing or reconsideration. Final decisions may be appealed to the Supreme Court as provided by section 72-724, Idaho Code.

Claimant has not alleged fraud and did not move for reconsideration of the order approving the stipulation within twenty days or appeal from that order.

In order to avoid operation of Idaho Code section 72-718, Claimant relies heavily on statements from this Court in *Wernecke v. St. Maries Joint Sch. Dist. No. 401*, 147 Idaho 277, 207 P.3d 1008 (2009). There, we repeatedly characterized an earlier order approving the parties' settlement agreement without making the findings required by Idaho Code section 72-332 as "void." *Id*. at 286, 286 n.10, 288, 289, 207 P.3d at 1017, 1017 n.10, 1019, 1020. In my view, this case warrants revisiting our characterization of that order. This conclusion first requires consideration of the issue that we were being asked to decide in *Wernecke*.

In 1990, Wernecke suffered an industrial injury. *Id*. at 280, 207 P.3d at 1011. She filed a worker's compensation complaint which she settled against her employer and the State Insurance

---

[3] The Commission did not decide whether the Stipulation constituted a lump sum settlement agreement, governed by Idaho Code section 72-404, or a compensation agreement, governed by Idaho Code section 72-711. It is clear that the Stipulation is a compensation agreement, as it did not require "the payment of one or more lump sums," which would implicate Idaho Code section 72-404. This determination has no bearing upon this case. Unlike Idaho Code section 72-711, Idaho Code section 72-404 does not specifically mandate that the agreement conform to the requirements of law.

Fund. *Id*. She subsequently reached an agreement with ISIF, compromising her claim for a lump sum payment of $6,500. *Id*. The agreement, which the Commission approved, purported to bar Wernecke from recovering any future recovery from ISIF. *Id*. at 281, 207 P.3d at 1012.

Wernecke suffered another industrial injury in 2002. *Id*. She settled her claims with her employer and the State Insurance Fund. *Id*. ISIF asserted that her claim was barred by the earlier agreement. *Id*. Despite Wernecke's contention that the earlier agreement violated the Worker's Compensation Act, and was therefore void, the Commission found the agreement to be valid and further held that Wernecke's second claim against ISIF "was barred by the doctrines of *res judicata,* collateral estoppel, and quasi-estoppel, and that she had waived her right to pursue another claim against ISIF." *Id*.

We vacated the Commission's decision. We first discussed Idaho Code section 72-318(2), which prohibits agreements wherein an employee waives his or her right to future worker's compensation benefits. *Id*. at 282–84, 207 P.3d at 1013–15. We held that there is a narrow exception to the prohibition of Idaho Code section 72-318(2): when the Commission approves the agreement after making findings that the four elements of ISIF liability[4] under Idaho Code section 72-332 are satisfied. *Id*. at 284–86, 207 P.3d at 1015–17. We then discussed ISIF's earlier agreement with Wernecke:

> ISIF specifically denied that Wernecke suffered an accident on January 28, 1990, that she was unable to work, that it was liable for a portion of her disability, that she had a pre-existing permanent physical impairment within the meaning of section 72-332, and that she was totally and permanently disabled. ISIF cannot deny each and every element required in order to invoke the provisions of section 72-332 and at the same time assert that by virtue of a lump sum settlement agreement the injured worker is precluded from making a claim under that section for a subsequent injury.

*Id*. at 286, 207 P.3d at 1017. There, we explicitly considered the distinction between the parties' ability to compromise a claim arising from a past injury and the limited ability of the Commission to approve a settlement which impairs the claimant's ability to recover for future injuries.

---

[4] "Under § 72-332(1), a party attempting to prove ISIF liability must show: (1) "there was a pre-existing impairment"; (2) "the impairment was manifest"; (3) "the impairment was a subjective hindrance"; and (4) "the pre-existing impairment and the subsequent injury in some way combine to result in total permanent disability." *Vawter v. United Parcel Serv., Inc.*, 155 Idaho 903, 910, 318 P.3d 893, 900 (2014) (quoting *Bybee v. State, Industrial Special Indemnity Fund*, 129 Idaho 76, 80, 921 P.2d 1200, 1204 (1996)).

> While Wernecke concedes, based on this Court's holding in *Emery v. J.R. Simplot Co.*, 141 Idaho 407, 111 P.3d 92 (2005), that section 72-318 permits a claimant to compromise a claim arising out of a *past* injury, she insists that it does not allow a claimant to waive claims arising from *future* injuries. Therefore, Wernecke argues that the Agreement violates section 72-318(2) and, accordingly, is void. ISIF counters that because *Emery* did not expressly state that an agreement similar to the one in this case is violative of section 72–318(2), the Agreement is valid.
>
> While parties may compromise claims arising from past injuries, they generally may not compromise claims arising from future injuries. *Emery*, 141 Idaho at 410, 111 P.3d at 95. We held in *Emery* that a stipulation dismissing a claim with prejudice, even without payment of compensation, did not violate Idaho Code section 72–318(2). *Id.* In so holding we emphasized that the stipulation merely dismissed Emery's claim with respect to the injury he suffered on a specific occasion. *Id.* Notably, this Court found it significant that "[t]he stipulation did not relieve [the employer] of liability for any injury [Emery] might suffer in the future while employed by [the employer]. Emery and [the employer] agreed to resolve the specific claim at issue in this case." *Id.*

*Id.* at 283–84, 207 P.3d at 1014–15 (emphasis in original). Although we characterized the Commission's order approving the settlement arising from the 1990 injury as "void," I believe that it is more accurate to say that we refused to give effect to that portion of the order which purported to absolve ISIF from responsibility for any future claim that Wernecke might have.

The Legislature has made it clear that orders of the Commission are final as to those matters which it has adjudicated.

> When an "award" has been made, I.C. § 72-718 provides that the "decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated." *See Fowler v. City of Rexburg*, 116 Idaho 1, 2, 773 P.2d 269, 270 (1989). Such "final and conclusive" awards cannot be modified for any reason unless modification is sought under I.C. § 72-719 within five years of the date of the accident causing the injury. *Id.*

*Sund v. Gambrel*, 127 Idaho 3, 7, 896 P.2d 329, 333 (1995). An order by the Commission is not rendered void simply because it reflects a legal error. Such an error must be corrected by way of a timely motion for reconsideration before the Commission or appeal to this Court. That did not occur in this case. Absent a timely motion for reconsideration, by operation of Idaho Code section 72-718, I would hold that the Commission did not have authority to modify its earlier order.

14