Justice EISMANN,
concurring in part and dissenting in part.
I concur in Part V.A that the Commission had subject matter jurisdiction to decide the Petition for Declaratory Ruling, and I dissent from Part V.B. because it is contrary to the applicable statutes and our prior decisions, including the decision upon which the majority opinion is based.
On June 6, 2014, Claimant, Surety, and ISIF entered into a stipulation to resolve Claimant’s workers’ compensation claim. As part of that stipulation, the parties agreed that Claimant became totally and permanently disabled on October 1, 2013. The Commission approved the stipulation and dismissed Claimant’s complaint with prejudice on June 26,2014.
On August 25, 2014, this Court issued its opinion in Corgatelli v. Steel West, Inc., 157 Idaho 287, 335 P.3d 1150 (2014). In that case we held that there is no statutory basis for the Commission to award an employer/surety a credit for permanent physical impairment benefits previously paid a claimant in a workers’ compensation proceeding.
On February 26, 2015, Claimant filed this proceeding seeking to reopen his case in order to obtain additional benefits to which he would be entitled under the Corgatelli decision. The majority holds that he can do so pursuant to Idaho Code section 72-318(2), which states, “No agreement by an employee to waive his rights to compensation under this act shall be valid.” The majority opinion is contrary to our prior case law, including Wernecke v. St. Maries Joint School District No. 401, 147 Idaho 277, 207 P.3d 1008 (2009), the opinion upon which the majority relies.
In Emery v. J.B. Simplot Co., 141 Idaho 407, 111 P.3d 92 (2005), an employee filed.a workers’ compensation claim seeking benefits for a back injury. Id. at 409, 111 P.3d at 94. Shortly before the hearing, his attorney suggested that he dismiss his claim, and he agreed to do so. Id. The employer would not agree to a dismissal unless it was with prejudice, and the employee and employer signed a stipulation dismissing the claim with prejudice. Id. The Commission approved the stipulation and dismissed the claim. Id.
The employee later obtained different counsel and filed a motion to vacate the dismissal on the ground that he did not understand the implications of a dismissal with prejudice. Id. The Commission treated the motion as a motion for reconsideration and denied it as being untimely. Id. The employee then appealed. Id.
On appeal, he argued that “the stipulation to dismiss his claim with prejudice amounts to an ‘agreement by an employee to waive his rights to compensation,’ which is invalid under I.C. § 72-318(2).” Id. at 410, 111 P.3d at 95. This Court rejected that argument, holding that a stipulation to resolve a specific claim did not constitute a waiver of the claimant’s rights to compensation under the Workers’ Compensation Act, even if the stipulation meant he received no benefits for his claim. We stated as follows: .
Emery’s argument focuses on I.C. § 72-318(2). However, the stipulation to dismiss Emery’s claim with prejudice is not an “agreement by an employee to waive his rights to compensation under [the Workers’ Compensation] act.” I.C. § 72-318(2). Emery was not waiving his rights to compensation under the act. He stipulated to dismiss his claim with respect to the injury he suffered on March 10, 2001. The stipulation did not relieve Simplot of liability for any injury he might suffer in the future while employed by Simplot. Emery and Simplot agreed to resolve the specific claim at issue in this case. The Commission’s finding that the parties had not created a “scheme” to avoid the employer’s obligations under the workers’ compensation statutes is supported by substantial evidence.

Id.

The Wernecke case, upon which the majority bases its opinion, also agreed that the parties’ agreement to compromise claims for past injuries does not violate Idaho Code section 72-318(2).
*798 While parties may compromise claims arising from past injuries, they generally may not compromise claims arising from future injuries. Emery, 141 Idaho at 410, 111 P.3d at 95. We held in Emery that a stipulation dismissing a claim with prejudice, even without payment of compensation, did not violate Idaho Code section 72-318(2). Id. In so holding we emphasized that the stipulation merely dismissed Emery’s claim with respect to the injury he suffered on a specific occasion. Id. Notably, this Court found it significant that “[t]he stipulation did not relieve [the employer] of liability for any injury [Emery] might suffer in the future while employed by [the employer]. Emery and [the employer] agreed to resolve the specific claim at issue in this case.” Id. Despite ISIF’s argument that Emery did not explicitly disallow stipulations dismissing claims for benefits arising out of future injuries, the case indicates such agreements are viola-tive of section 72-318(2). The language of the statute specifies that “[n]o agreement by an employee to waive his rights to compensation under this act shall be valid” I.C. § 72-318(2) (emphasis added). Therefore, agreements attempting to waive compensation rights stemming from future, unknown injuries are generally invalid.
Wernecke, 147 Idaho at 283-84, 207 P.3d at 1014-15.
Thus, both Emery and Wernecke agree that a settlement resolving an existing claim arising from past injuries does not violate Idaho Code section 72-318(2). In this case, the parties agreed that the stipulation resolved Claimant’s existing claim.
18. The terms of this Stipulation shall be binding upon all of the undersigned parties, their heirs, representatives, successors and assigns.
19. All parties stipulate that the. Commission shall, on and by approval hereof, be deemed to adjudicate said alleged accident, resultant injury and disability industrial in nature and origin, and all preexisting disability, as provided by the Worker’s Compensation Laws of the State of Idaho.
Claimant is simply seeking additional compensation for the claim that he had stipulated to resolve in full. The majority does not address either Emery or that part of Wer-necke that conflicts with the majority’s opinion.
Committing an error in law does not deprive the Commission of subject matter jurisdiction or render its order void. In Gordon v. Gordon, 118 Idaho 804, 807, 800 P.2d 1018, 1021 (1990), a husband was ordered to pay child support for a child that he and his wife had taken in and were raising. Id. at 805, 800 P.2d at 1019. Slightly over one year after the decree was entered, he sought to collaterally attack it, contending that because he owed no legal duty to support the child, the divorce court did not have jurisdiction to order him to pay support for the child. Id. at 807, 800 P.2d at 1021. This Court first noted that in order for a judgment to be void, the court must lack either personal jurisdiction or subject matter jurisdiction. Id. This Court then held, “A judgment that incorrectly interprets a rule of law does not divest the court of jurisdiction over the subject matter or over the parties.” Id.
Thus, a court’s judgment is not rendered void because of an error in law as long as the court had jurisdiction over the parties and the subject matter of the lawsuit. Long ago, we applied that same rule to administrative agencies. We held that “where the Industrial Accident Board has jurisdiction of the subject matter and of the parties, as in the case at bar, it has jurisdiction to commit error, applying to awards of industrial accident boards the rule applicable to nisi prius [trial] courts.” Bower v. Smith, 63 Idaho 128, 133—34, 118 P.2d 737, 739 (1941). The subject matter jurisdiction of the Industrial Accident Board was the same as the subject matter jurisdiction of its successor, the Industrial Commission.[2]
*799 Based upon the stipulation, Claimant’s case was dismissed on June 26, 2014. He did not timely file a motion for reconsideration or an appeal. The order dismissing his case became final twenty days later. I.C. § 72-718. Idaho Code section 72-719 provides a means by which a party can seek to have the Commission review any order, agreement or award. There are only two grounds upon which a party may obtain such review: “(a) Change in the nature or extent of the employee’s injury or disablement; or (b) Fraud.” I.C. § 72-719(1). Neither ground is applicable in this case. In addition, the Commission may, on its own motion, review a case in order to correct manifest injustice. I.C. § 72-719(3). It has not chosen to do so in this ease. Therefore, Claimant’s award in this case is final, and it may not be reopened pursuant to Idaho Code section 72-719(1), nor does it violate Idaho Code section 72-318(2) as we have construed that statute. The majority opinion is totally contrary to the applicable statutes and case law.

. Idaho Code section 72-613 (1949) stated, "All questions arising under this act, if not settled by agreement or stipulation of the parties interested therein, with the approval of the board, shall, except as otherwise herein provided, be determined by the board.” Idaho Code section 72-707 (2006) states, "All questions arising under this law, if not settled by agreement or stipulation of *799 the interested parties with the approval of the commission, except as otherwise herein provided, shall be determined by the commission.”