HORTON, J.,
concurring in part and dissenting in part.
I respectfully dissent from Part IV(B) of the Court’s opinion. In my view, the pivotal question the Court is asked to decide is whether to give precedence to the terms of Idaho Code section 72-711 or Idaho Code section 72-718.[3] As Claimant properly notes, Idaho Code section 72-711 provides that a compensation agreement “shall be approved by the commission only when the terms conform to the provisions of this law.”
Idaho Code section 72-718 provides:
A decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated by the commission upon filing the decision in the office of the commission; provided, within twenty (20) days from the date of filing the decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative, and in any such events the decision shall be final upon denial of a motion for rehearing or reconsideration or the filing of the decision on rehearing or reconsideration. Final decisions may be appealed to the Supreme Court as provided by section 72-724, Idaho Code.
Claimant has not alleged fraud and did not move for reconsideration of the order approving the stipulation within twenty days or appeal from that order.
In order to avoid operation of Idaho Code section 72-718, Claimant relies heavily on statements from this Court in Wernecke v. St. Maries Joint Sch. Dist. No. 401, 147 Idaho 277, 207 P.3d 1008 (2009). There, we repeatedly characterized an earlier order approving the parties’ settlement agreement without making the findings required by Idaho Code section 72-332 as “void.” Id. at 286, 286 n.10, 288, 289, 207 P.3d at 1017, 1017 n.10, 1019, 1020. In my view, this case warrants revisiting our characterization of that order. This conclusion first requires consideration of the issue that we were being asked to decide in Wemecke.
In 1990, Wernecke suffered an industrial injury. Id. at 280, 207 P.3d at 1011. She filed a worker’s compensation complaint which she settled against her employer and the State Insurance Fund. Id. She subsequently reached an agreement with ISIF, compromising her claim for a lump sum payment of $6,600. Id. The agreement, which the Commission approved, purported to bar Wernecke from recovering any future recovery from ISIF. Id. at 281, 207 P.3d at 1012.
Wernecke suffered another industrial injury in 2002. Id. She settled her claims with her employer and the State Insurance Fund. *800 Id. ISIF asserted that her claim was barred by the earlier agreement. Id. Despite Wernecke’s contention that the earlier agreement violated the Worker’s Compensation Act, and was therefore void, the Commission found the agreement to be valid and further held that Wernecke’s second claim against ISIF “was barred by the doctrines of res judicata, collateral estoppel, and quasi-estoppel, and that she had waived her right to pursue another claim against ISIF.” Id.
We vacated the Commission’s decision. We first discussed Idaho Code section 72-318(2), which prohibits agreements wherein an employee waives his or her right to future worker’s compensation benefits. Id. at 282-84, 207 P.3d at 1013-15. We held that there is a narrow exception to the prohibition of Idaho Code section 72-318(2): when the Commission approves the agreement after making findings that the four elements of ISIF liability[4] under Idaho Code section 72-332 are satisfied. Id. at 284-86, 207 P.3d at 1015-17. We then discussed ISIF’s earlier agreement with Werneeke:
ISIF specifically denied that Werneeke suffered an accident on January 28, 1990, that she was unable to work, that it was liable for a portion of her disability, that she had a pre-existing permanent physical impairment within the meaning of section 72-332, and that she was totally and permanently disabled. ISIF cannot deny each and every element required in order to invoke the provisions of section 72-332 and at the same time assert that by virtue of a lump sum settlement agreement the injured worker is precluded from making a claim under that section for a subsequent injury.
Id. at 286, 207 P.3d at 1017. There, we explicitly considered the distinction between the parties’ ability to compromise a claim arising from a past injury and the limited ability of the Commission to approve a settlement which impairs the claimant’s ability to recover for future injuries.
While Werneeke concedes, based on this Court’s holding in Emery v. J.R. Simplot Co., 141 Idaho 407, 111 P.3d 92 (2005), that section 72-318 permits a claimant to compromise a claim arising out of a past injury, she insists that it does not allow a claimant to waive claims arising from future injuries. Therefore, Werneeke argues that the Agreement violates section 72-318(2) and, accordingly, is void. ISIF counters that because Emery did not expressly state that an agreement similar to the one in this case is violative of section 72-318(2), the Agreement is valid.
While parties may compromise claims arising from past injuries, they generally may not compromise claims arising from future injuries, Emery, 141 Idaho at 410, 111 P.3d at 95. We held in Emery that a stipulation dismissing a claim with prejudice, even without payment of compensation, did not violate Idaho Code section 72-318(2). Id. In so holding we emphasized that the stipulation merely dismissed Emery’s claim with respect to the injury he suffered on a specific occasion. Id. Notably, this Court found it significant that “[t]he stipulation did not relieve [the employer] of liability for any injury [Emery] might suffer in the future while employed by [the employer], Emery and [the employer] agreed to resolve the specific claim at issue in this case.” Id.
Id. at 283-84, 207 P.3d at 1014-15 (emphasis in original). Although we characterized the Commission’s order approving the settlement arising from the 1990 injury as “void,” I believe that it is more accurate to say that we refused to give effect to that portion of the order which purported to absolve ISIF from responsibility for any future claim that Werneeke might have.
The Legislature has made it clear that orders of the Commission are final as to those matters which it has adjudicated.
*801 When an “award” has been made, I.C. § 72-718 provides that the “decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated.” See Fowler v. City of Rexburg, 116 Idaho 1, 2, 773 P.2d 269, 270 (1988). Such “final and conclusive” awards cannot be modified for any reason unless modification is sought under I.C. § 72-719 within five years of the date of the accident causing the injury. Id.
Sund v. Gambrel, 127 Idaho 3, 7, 896 P.2d 329, 333 (1995). An order by the Commission is not rendered void simply because it reflects a legal error. Such an error must be corrected by way of a timely motion for reconsideration before the Commission or appeal to this Court. That did not occur in this case. Absent a timely motion for reconsideration, by operation of Idaho Code section 72-718, I would hold that the Commission did not have authority to modify its earlier order.

. The Commission did not decide whether the Stipulation constituted a lump sum settlement agreement, governed by Idaho Code section 72-404, or a compensation agreement, governed by Idaho Code section 72-711. It is clear that the Stipulation is a compensation agreement, as it did not require "the payment of one or more lump sums,” which would implicate Idaho Code section 72-404. This determination has no bearing upon this case. Unlike Idaho Code section 72-711, Idaho Code section 72-404 does not specifically mandate that the agreement conform to the requirements of law.

. "Under § 72-332(1), a party attempting to prove ISIF liability must show: (1) 'there was a pre-existing impairment’; (2) 'the impairment was manifest’; (3) ‘the impairment was a subjective hindrance’; and (4) 'the preexisting impairment and the subsequent injury in some way combine to result in total permanent disability.’ Vawter v. United Parcel Serv., Inc., 155 Idaho 903, 910, 318 P.3d 893, 900 (2014) (quoting Bybee v. State, Industrial Special Indemnity Fund, 129 Idaho 76, 80, 921 P.2d 1200, 1204 (1996)).’’